THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. DADY, Respondent, v. WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Appellant.

**Mandamus — when writ will be issued directing comptroller of New York city to examine claim, illegal in form, against city and certify his opinion whether it should be paid.**

Where the board of estimate and apportionment of the city of New York refers an application made by a person having an illegal or invalid claim against the city to the comptroller for investigation and opinion as to whether it should be paid or compromised under section 246 of the charter (L. 1907, ch. 601), it is his duty to consider the claim, and if in his judgment it is equitable and proper for the city to pay the same in whole or in part to so certify to the board, and this duty may be enforced by mandamus.

*People ex rel. Dady* v. *Prendergast*, 144 App. Div. 308, modified.

(Submitted June 9, 1911; decided October 3, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 21, 1911, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant to take action under section 246 of the charter of the city of New York concerning a claim made by the relator against said municipality.

The facts, so far as material, are stated in the opinion.

1

*Archibald R. Watson, Corporation Counsel* (*R. Percy Chittenden, Terence Farley* and *John Lehman* of counsel), for appellant.   Section 246 of the charter confers upon the board of estimate and apportionment and the comptroller of the city of New York uncontrollable authority to pay claims repugnant to section 10 of article 8 of the Constitution, and is, therefore, unconstitutional. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *Matter of M. H. Bank,* 153 N. Y. 199; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *Stewart* v. *Palmer,* 183 N. Y. 188; *Colon* v. *Lisk,* 153 N. Y. 188; *Smith* v. *People,* 47 N. Y. 331; *Williams* v. *City of New York,* 118 App. Div. 756; 192 N. Y. 541; *Stemmler* v. *Mayor, etc.,* 179 N. Y. 473.) To uphold the constitutionality of this law of 1907, which will be done if possible, the statute may be interpreted to exclude claims which are void, and not merely illegal or invalid.   The relator's claim is void.   (*City of Los Angeles* v. *City Bank,* 100 Cal. 18; *C. Nat. Bank* v. *Rich,* 81 Me. 164; *M. B. L. Ins. Co.* v. *Winne,* 20 Mont. 20; *Smith* v. *City of Buffalo,* 159 N. Y. 429; *McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *Vil. of Fort Edward* v. *Fish,* 156 N. Y. 363; *Marie* v. *Garrison,* 13 Abb. [N. C.] 210; *People ex rel. Ritterman* v. *Kelly,* 1 Abb. [N. C.] 437; *Miller* v. *Ammon,* 145 U. S. 421; *Anderson* v. *Roberts,* 18 Johns. 515.)   The judgment in *Dady* v. *City of New York* is a judicial determination upon the merits that the claim in controversy is null and void.   Giving section 246 a construction which would empower the comptroller and board of estimate to again determine the validity of the claim and pay the same would render it obnoxious to the constitutional provisions.   (*Matter of Greene,* 166 N. Y. 485.)

*George K. Jack* and *Jerry A. Wernberg* for respondent.   The claim presented to the board of estimate and apportionment is a proper one for the consideration of the said board under the statute.   (L. 1907, ch. 601,

§ 246; L. 1910, ch. 683, § 14.) The contention of the appellant, that the judgment in *Dady* v. *City of New York* is a judicial determination that the claim in controversy is null and void and that to give section 246 a construction which would empower the comptroller to determine the validity of this claim would render it obnoxious to the Federal and State Constitutions, is without merit. (*W. I. B. Co.* v. *Town of Attica,* 119 N. Y. 204; *Matter of Green,* 166 N. Y. 494.)

*Chase Mellen* for the T. A. Gillespie Company et al., intervening. The intention of the legislature in enacting section 246 of the Greater New York charter was to confer upon the board of estimate and apportionment, the responsible governing body of the city, substantially the same power to do justice to an honest claimant who has given value to the city as that possessed by a private individual or private corporation in a like matter. (Dillon on Mun. Corp. [4th ed.] § 477; *O'Brien* v. *Mayor, etc.,* 40 App. Div. 331; 160 N. Y. 691; *B. G. L. Co.* v. *Claffy,* 151 N. Y. 24; *Keane* v. *City of New York,* 88 App. Div. 542; *Hunter* v. *Pittsburgh,* 207 U. S. 161; *State* v. *Richmond,* 26 N. H. 232; *C., B. & Q. R. R. Co.* v. *McGuire,* 219 U. S. 549; *Hills* v. *Peekskill Bank,* 101 N. Y. 490; *Matter of Borup,* 182 N. Y. 222; *New Orleans* v. *Clark,* 95 U. S. 644; *McCord* v. *Lauterbach,* 91 App. Div. 315.) The argument that it is dangerous to intrust to the board of estimate and apportionment power to pay the city's money on so-called void or illegal claims is not tenable. (*Bertholf* v. *O'Reilly,* 74 N. Y. 509; *People ex rel. Eckerson* v. *Bd. of Education,* 126 App. Div. 414.)

HISCOCK, J. The relator entered into two valid and binding contracts with the city of New York to perform work and furnish materials for the purpose of perfecting or extending its water supply. In connection with the

performance of these contracts he was ordered by an official of the engineering department to do certain other work and furnish other materials, which he did, but owing to the failure to comply with statutory provisions governing such matters no valid and binding contract arose between the relator and the municipality for the last-mentioned work and materials. It has been conceded that they were of the value of upwards of $2,000 and were honestly and actually a benefit to the city. Refusal having been made to pay the claim therefor because of said invalidity, relator brought an action at law to recover the value thereof. As sufficiently appears herein he was defeated in said action because he could not establish a valid claim at law, and the court had no power to excuse the failure to comply with the statutory provisions with reference to contracts and give judgment on any merits which the claim might possess.

Thereafter he sought to procure action on and payment of his claim under section 246 of the charter of New York, which provided in part as follows:

"§ 246. Claims against the city. The board of estimate and apportionment may, in its discretion, inquire into, hear and determine any claim against the city of New York which has been certified to said board in writing by the comptroller as an illegal or invalid claim against the city, but which, notwithstanding, in his judgment it is equitable and proper for the city to pay in whole or in part, and if upon such inquiry the board by an unanimous vote determines that the city has received a benefit and is justly and equitably obligated to pay such claim and that the interests of the city will be best subserved by the payment or compromise thereof, it may authorize the comptroller to pay the claim and the comptroller shall thereupon pay the claim in such amount as the board of estimate and apportionment shall so determine to be just, in full satisfaction of such claim, provided that the claimant shall fully release the city, upon any such payment,

in such form as shall be approved by the corporation counsel. The provisions of this section shall not authorize the audit or payment of any claim barred by the statute of limitations, nor any claim for services performed under an appointment in violation of any provision of the civil service law." (L. 1907, ch. 601.)

In accordance with the provisions of said section the board of estimate and apportionment referred the relator's application to the comptroller for investigation and opinion, but he declined to give the claim any official consideration whatever solely because he was advised that he had no power to consider the same. The courts below have disapproved this attitude and required him to make certificate in accordance with said section "whether or not in his judgment it is equitable and proper for the city to pay" said claim.

Two reasons are urged why this action and order should be reversed and the action of the comptroller be upheld. It is said that the legislature has no right by provisions such as those which have been quoted to deprive the city of the benefit of the judgment heretofore rendered in the action at law dismissing plaintiff's claim. It is further urged in substance that relator's claim is absolutely void because of failure to comply with the statutory provisions with reference to letting and making municipal contracts, and that, therefore, the legislature has no right to authorize the city and its officials to disregard these defects in the claim and pay it even if found to be equitable.

In a most excellent and well-considered opinion in the Appellate Division Mr. Justice CARR has given the reasons why these views should not prevail. So far as the first one is concerned he has pointed out that the rule invoked by appellant does not apply to an adjudication dismissing a claim against a municipality for failure to comply with some statutory provisions as distinguished from an adjudication dismissing a claim because of its

inherent and substantial invalidity. He has shown with reference to the second argument that the attempt to distinguish relator's claim as one which is utterly void rather than merely invalid under the statute is not well founded; that the legislature has ample power in the case of a truly meritorious claim to authorize a municipality or its officers to overlook the failure to comply with statutory provisions relating to the letting of a contract which the legislature might have refrained from enacting in the first instance; that relator's claim is not unconstitutional and inherently bad, but is affected only by the failure to comply with rules which the legislature need not have prescribed in the first instance.

There is nothing to be added to the opinion which has thus been summarized, and we should have been quite content to rest our disposition of the appeal thereon, except for one error which probably through inadvertence has crept into the order appealed from.

The statute as has been shown permits the board of estimate and apportionment to consider and order payment of any claim which has been certified to it by the comptroller as an "illegal or invalid claim, but which notwithstanding in his judgment it is equitable and proper for the city to pay in whole or part." Under this provision the board can only consider a claim in the event that the comptroller has certified that it is an equitable one which it is proper to pay notwithstanding it is in law illegal or invalid. Therefore, there is no object in or authority for requiring the comptroller to certify any claims except those which he thus regards as equitable and proper to be paid. He should not be required under the statute to certify his opinion on all manner of illegal claims where he reaches an adverse opinion and conclusion concerning the equitable nature thereof. The present order is faulty in this respect. It requires him to certify "whether or not in his judgment it is equitable and proper for the city to pay the claim" in question.

That is, it requires a certificate even though adverse to the payment of the claim.

It should be modified so as to direct that the mandamus to be issued to the appellant as comptroller shall direct and command him to consider the claim in question, and if in his judgment it is equitable and proper for the city to pay the same in whole or part, notwithstanding it is an illegal or invalid claim, to so certify to the board of estimate and apportionment, and as so modified the order should be affirmed, without costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and COLLIN, JJ., concur.

Ordered accordingly.