In the Matter of the Petition of the PUBLIC SERVICE COM-MISSION FOR THE FIRST DISTRICT, Appellant, for a Writ of Mandamus against INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

Public service commission — mandamus — when writ will not be granted as matter of legal right.

Although under the Public Service Commissions Law (Cons. Laws, ch. 48, § 57) mandamus may be an appropriate process for the purpose of having violations, or threatened violations, of anything required of a common carrier by law or by order of the commission stopped and prevented, where the only failures of the carrier to obey the order of the commission were at specified hours on two days named, each about two months before the proceeding was commenced, the court is not as matter of law required to grant the writ.

*Matter of Public Service Comm.* y. *Interborough Rapid Transit Co.*, 172 App. Div. 324, affirmed.

(Argued November 21, 1916; decided November 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1916, which affirmed an order of Special Term

denying an application for a writ of mandamus to compel the Interborough Rapid Transit Company to comply with an order of the petitioner requiring it to operate daily, including Sundays and holidays, on all subway express and local tracks in each direction, past every two successive stations on the express tracks and every three successive stations on the local tracks during all hours of the day and night in each twenty-minute period, beginning on the even hour, twenty minutes past the hour and forty minutes past the hour:

(a) A sufficient number of trains and cars to provide a number of seats at least equal to the number of passengers, or

(b) The maximum number of trains and cars that can be operated.

Further facts are stated in the opinion.

*Henry W. Whitman* and *George S. Coleman* for appellant. The summary proceedings provided for in sections 57, 74, 87 and 103 of the Public Service Commissions Law, under which the commission is commanded to enforce all its orders, are special and extraordinary, and the provisions of the Code of Civil Procedure prescribing the practice governing writs of mandamus under the common law have no application. (*People ex rel. Doran* v. *Harwick*, 48 App. Div. 559; *Drew* v. *S. C. Board*, 16 Fla. 17.) The history of the statutory provisions leading up to the passage of the Public Service Commissions Law shows that the legislature intended to provide a new and independent proceeding for the enforcement of all orders made under that act. (*People ex rel. Linton* v. *Brooklyn Heights R. R. Co.*, 172 N. Y. 90.) Common carriers may be coerced by mandamus to perform a continuing duty. (*State ex rel. R. R. Comrs.* v. *Atlantic Coast Line R. R. Co.*, 60 Fla. 465; *State ex rel. City of Milwaukee* v. *M. C. R. & L. Co.*, 144 Wis. 386; *P. S. Comm.* v. *W. S. R. R. Co.*, 206 N. Y. 209; *Wilcox* v.

*R. L. & R. R. Co.*, 142 App. Div. 44; 202 N.Y. 515; *Talcott* v. *Township of Pine Grove*, Fed. Cas. No. 13,735; *Larabee Flour Mills Co.* v. *Missouri Pacific Railway Co.*, 74 Kan. 808; *State ex rel. R. R. Comrs.* v. *D., W. & P. R. R. Co.*, 25 So. Dak. 106; *State ex rel. Skeen* v. *Ogden Rapid Transit Company*, 38 Utah, 242; *City of Camden* v. *P. S. Ry. Co.*, 82 N. J. L. 246; *R. R. Comrs.* v. *D., L. & W. R. R. Co.* 79 N. J. L. 219; *State* v. *Elizabeth Water Co.*, 83 N. J. Eq. 216.)

*Henry J. Smith* and *James L. Quackenbush* for respondent. The petition and the proof do not show facts upon which a mandamus can issue under section 57 of the Public Service Commissions Law. (*People ex rel. Corrigan* v. *Mayor, etc.*, 149 N. Y. 215; *People ex rel. Coffee* v. *Gen. Committee*, 52 App. Div. 170.) The penalty prescribed in section 56 of the Public Service Commissions Law affords an adequate and complete remedy for past violations, and under the law is exclusive. (*People* v. *Whitridge*, 144 App. Div. 486; *Lehmaier* v. *I. S. Ry. Co.*, 177 N. Y. 296.)

*Per Curiam.* Although, as provided by section 57 of the Public Service Commissions Law (Cons. Laws, ch. 48), mandamus may be an appropriate process "for the purpose of having violations, or threatened violations" of any thing required of a common carrier "by law or by order of the commission" "stopped and prevented," and the requirements so directed by mandamus may in our opinion be continuous (*Public Service Commission* v. *Westchester St. R. R. Co.*, 206 N. Y. 209; *Willcox* v. *Richmond Light & R. R. Co.*, 142 App. Div. 44; affirmed, 202 N. Y. 515), subject to the further order of the court, we are, nevertheless, also of the opinion that the petition and proof in this proceeding did not require the court as a matter of law to grant the mandamus prayed for by the commission.

Neither an examination of the petition, nor the proof compels the conclusion that the carrier "is failing or omitting or about to fail or omit to do anything required of it by law or by order of the commission, or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of law or of any order of the commission. * * *." (Public Service Commissions Law, § 57.)

The alleged failures of the carrier to obey the order of the commission are only at specified hours on two days named, each about two months before the proceeding was commenced. Such past failures would suggest possible liability of the company for a penalty, rather than that mandamus should be granted in general terms simply requiring that the carrier provide in the future a sufficient number of seats for its passengers at prescribed periods.

Section 57 of the Public Service Commissions Law provides that the final judgment in any action or proceeding shall "either dismiss the action or proceeding or direct that a writ of mandamus or an injunction or both issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief."

Responsibility is thus expressly placed upon the court by the statute to determine what action shall be taken by it in an action or proceeding.

On any view of the purpose of the statute, there is no such clear legal right to the writ shown on this proceeding as to make the issuing of a mandamus imperative on the court.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK, CARDOZO and POUND, JJ., concur; HOGAN, J., absent.

Order affirmed.