THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK EDISON COMPANY, Relator, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Defendant.

(Supreme Court, New York Special Term, December, 1917.)

Mandamus — peremptory writ of — when tax by assessors void — actions — certiorari — Greater New York Charter, § 246.

Where an assessment though valid on its face is in fact void because the assessors had no jurisdiction to make it, an action is maintainable to recover money involuntarily paid in satisfac-

tion thereof without first having the assessment set aside or vacated, and a demand for the money is unnecessary before action brought.

Relator, the owner of certain premises in the city of New York, leased the same to a tenant which upon entering into possession installed certain machinery which was never owned or leased by relator. *Held,* that an assessment of the machinery as a part of relator's property, after correction and notification to the city's officers that said machinery was not owned by relator but by its tenant who also paid taxes thereon, was void *ab initio.*

Where, notwithstanding such notification, the city continued for years to assess the value of the machinery as against relator, it was not compelled to bring certiorari to review the assessment but had the right to sue for and recover the amount of taxes illegally ·paid and the Statute of Limitations was no bar in equity to the claim, and at least so much thereof as had accrued within the last six years should be certified by the comptroller.

A contention that the assessment was merely an overvaluation and not illegal would be of force on an application under section 246 of the Greater New York Charter for a peremptory writ of mandamus to compel the city comptroller to certify relator's claim to the board of estimate and apportionment as an invalid or illegal claim, but one which the city in equity and good conscience should pay, but for the fact that said section of the charter was .passed for the very purpose of relieving those having just claims against the city of the law's many technicalities in tax proceedings.

APPLICATION for a peremptory writ of mandamus.

James M. Vincent, for plaintiff.

Lamar Hardy, corporation counsel, for defendant.

GAVEGAN, J.   This application is made under section 246 of the Greater New York Charter* for a peremptory writ of mandamus to compel the comptroller of the city of New York to certify relator's claim to the board of estimate and apportionment as an invalid or illegal claim, but one which the city of New York in equity

* See Laws of 1907, chap. 601.— [REPR.

and good conscience should pay. Relator for twelve years has been the owner of the property at the southeast corner of Eightieth street and East End avenue. Prior to 1905 it leased the entire building to the Electric Testing Laboratories, which entered into possession on January 1, 1905, and installed a quantity of machinery. This machinery was never owned or leased by relator. In 1905 the city of New York assessed relator's property for taxation in the sum of $250,000, divided, as shown by the field books of the deputy tax commissioner, as follows: Land, $38,000; machinery, $57,000, and building, $55,000; totaling $150,000. The assessment was therefore erroneous by $100,000. Relator thereafter had the error corrected, and at the same time notified the city's officers that the machinery in the building was not owned by it, but by its tenant. Notwithstanding this notification the city continued from 1905 to 1915 to assess the value of said machinery as against the relator. In the last mentioned year relator had the assessment for the machinery, amounting to $60,000, deducted, and since then has been paying taxes only upon an assessed valuation of $90,000; so that from 1905 to 1914 inclusive the relator paid taxes on the machinery of its tenant, who also paid taxes on same. The city has therefore been collecting double taxes on the same machinery. Relator claims that the city, against which it has no legal or valid claim, should refund the amount of the tax paid on the machinery. Respondent comptroller, in his discretion, refuses to certify the claim for the reasons (1) that it is barred by the Statute of Limitations; (2) that all presumptions are against an interpretation of section 246 of the charter which would authorize the comptroller and the board of estimate and apportionment to review assessments of real or personal property, and (3) that the facts presented do not make out a *prima facie* case of

equity in the relator's claim. The relator contends that the original levying of the tax on the machinery not owned by it was illegal and void *ab initio* and that therefore the Statute of Limitations could not bar the claim in equity. This being so, it is not compelled to bring certiorari proceedings, but had the right to sue and recover the amount illegally paid. I am of the opinion that the relator's contention in this respect is correct. The city had no right to assess as against relator property which never belonged to it, and while relator in one sense voluntarily paid a tax thereon such payments were clearly made upon a mistake of fact, and for the purpose of this motion the payments should be held to have been made involuntarily. *Bruecher* v. *Village of Port Chester,* 101 N. Y. 240. In *Ætna Ins. Co.* v. *Mayor,* 153 N. Y. 331, the court, at page 339, said: " The tax being void, the amount paid the city may be recovered in an action for money had and received. It seems to be settled in this state that, where an assessment is valid on its face, and in fact void because the assessors had no jurisdiction to make it, an action may be maintained to recover back money involuntarily paid in satisfaction thereof without first having the assessment set aside or vacated, and a demand for the return of the money is unnecessary before the commencement of an action to recover it." At least so much of the relator's claim as had accrued within the last six years should therefore be certified by the comptroller. As to the balance of relator's claim the court can do no more than to defer to the respondent's discretion. *People ex rel. Dady* v. *Prendergast,* 203 N. Y. 1. Respondent's contention that the assessment was merely an overvaluation and not illegal is not convincing. The case of *People ex rel. Soeurbee* v. *Purdy,* 179 App. Div. 748, relied on by respondent, would have some

44

force in this application were it not for the fact that section 246 of the charter was passed for the very pur- pose of relieving those having just claims against the city of the law's many technicalities in tax proceedings, as pointed out by Mr. Justice Page in his opinion. In that case the building assessed, although only partly erected, belonged to the owner, while here the property never belonged to the relator. Furthermore, when the city did determine to reduce the assessment of relator's property it deducted $60,000 therefrom, which was the exact value placed on the machinery. Therefore it seems fair to assume that all previous assessments were not overvaluations, but assessments against the machinery, and it seems also fair to assume that the city recognized the injustice of levying the tax on the machinery. I am of the opinion that relator's claim is one contemplated by section 246 of the charter and that it should be certified to the extent I have indicated.

Ordered accordingly.