THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK EDISON COMPANY, Respondent, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Appellant.

First Department, December 6, 1918.

**Municipal corporations — city of New York — application for refund of taxes alleged to have been erroneously assessed — Greater New York charter, section 246, construed.**

An owner of property in the city of New York which has made payments of taxes, which it could have avoided if it had not carelessly neglected to institute certiorari proceedings, is not entitled, under section 246 of the Greater New York charter, to a peremptory writ of mandamus requiring the consideration of its claim for refund of a portion of the taxes assessed against its property.

Said section was not intended to and does not include the right to procure reimbursement by resort to the comptroller and the board of estimate and apportionment under such circumstances. It covers cases only where the city has been benefited by work done or material furnished and used by it for city purposes.

APPEAL by the defendant, William A. Prendergast, as comptroller, from an order of the Supreme Court, made at

the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1917, granting relator's motion for a peremptory writ of mandamus.

*William H. King* of counsel [*Jesse F. Orton* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*Edward J. McGuire* of counsel [*James M. Vincent,* attorney], for the respondent.

SHEARN, J.:

Appeal from an order directing a peremptory writ of mandamus requiring the consideration, under section 246 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1907, chap. 601, as amd. by Laws of 1910, chap. 683), of relator's claim for refund of a portion of taxes assessed against certain real property owned by the relator and paid for the years 1905 to 1914 inclusive, in which assessment it is claimed there was included, either illegally or erroneously, the value of machinery owned, not by the relator, but by its lessee. The petition alleges that this error was without the knowledge or consent of the relator, but it appears from the affidavit of Mr. Bell, chief deputy tax commissioner, that the relator's application for correction of the assessment in each of the three years 1905, 1906, 1907, contained the following allegations:

" At the present time, said building and premises are leased to the Electrical Testing Laboratories, and that all the machinery and apparatus that may be on the premises and all the contents of said building, at the present time, is owned by the said Electrical Testing Laboratories.

" That the value of any machinery that may be in the building, therefore, should not be included in the value of said land and building as the same is not the property of the said The New York Edison Company and is not affixed to the real estate."

The respondent's brief admits that the relator knew of the error, for it states that the wrong was continued for ten years " over our protest." It is apparent that whether the assessment was illegal or whether it was merely erroneous, the

action of the commissioners was subject to correction by certiorari proceedings, a method provided by the statute. (See Greater N. Y. Charter, § 906, as amd. by Laws of 1911, chap. 455.   See, also, Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 290 *et seq.*)   Thus relator's claim really is that it should be relieved from the hardship of having made a payment which it could have avoided if it had not carelessly neglected to institute certiorari proceedings.

In my opinion section 246 of the charter was not intended to and does not include the right to procure reimbursement by resort to the comptroller and the board of estimate and apportionment in any such case as this.   The history and purpose of the statute are set forth in *People ex rel. Dady* v. *Prendergast* (144 App. Div. 308; mod. and affd., 203 N. Y. 1). The purpose was to end the practice of obtaining special legislation to enable the board of estimate " to audit and allow as obligations of the city claims made by various persons for work done or material furnished to and received and used by the city for its benefit, but which claims were not legal claims against the city and enforcible in the courts because of a failure on the part of the city to enter into a binding contract therefor in compliance with the various statutory provisions regulating and controlling the letting of contracts by the city." Here the statute provided a remedy and the relator knew of its grievance but merely neglected to pursue the remedy. Certainly the statute was not enacted to cover any such situation.   Furthermore, apart from the statutory relief afforded by certiorari proceedings, this section of the charter was not, in my opinion, intended to cover all claims that might in good morals be asserted against the city, but covered cases only where the city had been benefited by work done or material furnished and used by it for city purposes. Sanctioning such a course as that permitted by the decision appealed from, so as to include applications for refund of taxes, would tend to open up a flood of claims against the city and put it in the power of a temporary administration to make payments to favored persons.

It is also forcefully contended by the appellant that, for aught that appears, the commissioners may well have considered the land worth the amount of the assessment irrespective of the

machinery, but in view of our interpretation of the section of the charter it is unnecessary to consider this point.

The order should be reversed, with costs and disbursements, and petition dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.