In the Matter of the Application of EDWIN P. KILROE, Respondent, for a Peremptory Mandamus Order against CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

First Department, February 8, 1924.

Municipal corporations — city of New York — peremptory mandamus order directed comptroller to certify to board of estimate and apportionment petitioner's claim for expenses incurred in successfully defending himself against criminal charge while assistant district attorney of New York county — board of estimate and apportionment cannot allow claim under Greater New York charter, § 246 — allowance of claim by board would violate State Constitution, art. 8, § 10 — no clear legal right to mandamus — order reversed.

The board of estimate and apportionment of the city of New York cannot, under section 246 of the Greater New York charter, allow a claim for reimbursement for expenses necessarily incurred by an assistant district attorney of the county of New York, in successfully defending himself against charges of misconduct

in office, for the city received no benefit from such expenditures. Moreover, the allowance of any part of said claim would violate section 10 of article 8 of the State Constitution, prohibiting any city from giving any money except for city purposes.

Hence, a peremptory mandamus order directing the comptroller of the city of New York to consider such a claim, and, if in his judgment it is equitable for the city to pay the same, to so certify to the board of estimate and apportionment, must be reversed, as mandamus will issue only to enforce a clear legal right.

APPEAL by the defendant, Charles L. Craig, as comptroller, from a peremptory mandamus order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 26th day of September, 1923, directing the defendant to consider the claim of the petitioner, and if in his judgment it is equitable for the city to pay the same, to so certify to the board of estimate and apportionment of the city of New York, notwithstanding it is an " illegal " or " invalid " claim.

*George P. Nicholson,* Corporation Counsel [*Henry J. Shields* of counsel; *John F. O'Brien* and *John Lehman* with him on the brief], for the appellant.

*Olcott, Bonynge, McManus & Ernst* [*Neilson Olcott* of counsel; *William M. K. Olcott* and *Robert S. Johnstone* with him on the brief], for the respondent.

MERRELL, J.:

The defendant, Charles L. Craig, as comptroller of the city of New York, has appealed from an order of the Special Term granting the application of the petitioner for an order directing the defendant to consider the claim of one Edwin P. Kilroe for the expenses and disbursements necessarily incurred by him in successfully defending himself against charges of alleged misconduct in office as an assistant district attorney of the county of New York. The order appealed from further provides that if in the judgment of the said comptroller it is equitable and proper for the city to pay the same in whole or in part, he shall so certify to the board of estimate and apportionment of the city of New York, notwithstanding it is an " illegal " or " invalid " claim.

Petitioner's claim against the city is for the sum of $41,578.02. The petitioner, an assistant district attorney of the county of New York, was indicted and tried in the county of New York on the charge of conspiracy in connection with the conduct of certain prosecutions conducted by him while such assistant district attorney. Upon the trial of the indictment he was found guilty but his conviction was reversed by this court. (*People* v. *Kilroe,* 201

App. Div. 549.)   In the course of his defense the petitioner incurred legal and other expenses and upon his final acquittal he presented to the board of estimate and apportionment of the city of New York and to its comptroller an application for reimbursement for the sums thus expended by him, on the ground that his claim therefor was equitable and should be paid by the city.   The comptroller refused to certify the petitioner's claim to the board of estimate and apportionment and notified the petitioner of his declination to certify said claim because of his lack of power to do so in law.   Thereupon the petitioner instituted the present proceeding for a peremptory mandamus order directed to the comptroller commanding him and his officers and agents to certify in writing to the board of estimate and apportionment of the city of New York as a claim which in his judgment is equitable and proper for the city to pay, the petitioner's said claim against the city.

The petitioner is proceeding pursuant to the provisions of section 246 of the Greater New York charter.   Said charter provision provides as follows:

" The board of estimate and apportionment may, in its discretion inquire into, hear and determine any claim against The City of New York which has been certified to said board in writing by the comptroller as an illegal or invalid claim against the city, but which, notwithstanding, in his judgment it is equitable and proper for the city to pay in whole or in part, and if upon such inquiry the board by an unanimous vote determines that the city has received a benefit and is justly and equitably obligated to pay such claim and that the interests of the city will be best subserved by the payment or compromise thereof, it may authorize the comptroller to pay the claim and the comptroller shall thereupon pay the claim in such amount as the board of estimate and apportionment shall so determine to be just, in full satisfaction of such claim, provided that the claimant shall fully release the city upon any such payment, in such form as shall be approved by the corporation counsel.   The provisions of this section shall not authorize the audit or payment of any claim barred by the Statute of Limitations, nor any claim for services performed under an appointment in violation of any provision of the Civil Service Law.   For the purpose of carrying out the provisions of this section, it shall be the duty of the comptroller of The City of New York on being thereunto authorized by the said board of estimate and apportionment to issue and sell corporate stock or certificates of indebtedness or other evidences of indebtedness, issued pursuant to the provisions of section one hundred and eighty-seven of this act, of The City of New York in such amounts as may be necessary and at such

a rate of interest as may be fixed by said comptroller. No consent or approval of any board or public body other than the said board of estimate and apportionment shall be necessary to authorize the comptroller to issue such stock or certificates of indebtedness or other evidences of indebtedness, issued pursuant to the provisions of section one hundred and eighty-seven of this act, for the purposes of this section." (Laws of 1901, chap. 466, § 246, added by Laws of 1907, chap. 601, as amd. by Laws of 1910, chap. 683.)

By the charter provision above quoted the board of estimate and apportionment is required to inquire into and to hear and determine *any claim against the city of New York* so certified by the comptroller, although said claim may be illegal or invalid. However, a claim can only be allowed by the unanimous vote of said board *in a case where the city has received a benefit by reason of the expenditure for which reimbursement is claimed.* The law is well settled that mandamus will issue only to enforce a clear legal right. No claim can be made by the petitioner that the claim is in fact against the city of New York. The petitioner was not a city official, but was an assistant district attorney of the county of New York, and, therefore, a county official. Nor can it be claimed that the city has received any benefit whatever from the said expenditure by the petitioner. It, therefore, seems to us that the granting of the order appealed from was unjustified and improper. (*Matter of Public Service Comm.* v. *I. R. T. Co.*, 219 N. Y. 355; *People ex rel. Rapid Transit Subway Const. Co.* v. *Craven*, 210 id. 443.) How can it be said that the city of New York received any benefit from the expenditure for which the petitioner claims reimbursement? The original prosecution of the petitioner requiring such expenditure was against him personally and the city of New York was in nowise concerned therewith. The expenditure was not for a city purpose, but for the purely personal and private purpose of keeping the petitioner out of jail.

Section 10 of article 8 of the State Constitution forbids any county, *city*, town or village from giving any money or property or lending its money or credit to or in aid of any individual, association or corporation, or incurring any indebtedness, except for county, *city*, town or village purposes. In our opinion the allowance by the board of estimate and apportionment of any part of the petitioner's claim would be violative of said provision of the State Constitution and wholly illegal and improper. This being so, the order appealed from was not for the enforcement of a clear legal right, and, therefore, should never have been granted. To authorize the expenditure by a city for a city purpose within the constitutional provision above mentioned there should be some

statutory authority in advance of incurring the expense. (*Sun Publishing Assn.* v. *Mayor*, 152 N. Y. 257, 265; *Matter of Chapman* v. *City of New York*, 168 id. 80.) This court has heretofore construed the charter provision upon which the petitioner relies, holding that such charter provision does not include the right to procure reimbursement by resort to the comptroller and board of estimate and apportionment, except in a clear case, and where it appears that the city has been directly benefited. (*People ex rel. New York Edison Co.* v. *Prendergast*, 185 App. Div. 461; affd., 226 N. Y. 573.)

The history and purpose of the charter provision are explained and defined in *People ex rel. Dady* v. *Prendergast* (144 App. Div. 308; affd., 203 N. Y. 1). In that case it was held that the purpose of the charter provision was to end the practice of obtaining special legislation to enable the board of estimate and apportionment to audit and allow as obligations of the city claims for work done or materials furnished to and received and used by the city for its benefit, but which claims were not legally enforcible in the courts because of a failure on the part of the city to enter into a binding contract therefor in compliance with the technical statutory provisions relating to the letting of contracts by the city. So far as our attention has been directed there is no controlling authority holding that any claim may be enforced against the city where the city has not received some benefit from the expenditure forming the basis of the claim. (See *Matter of Straus*, 44 App. Div. 425; *Matter of Goldschmidt* v. *Hardy*, 177 id. 547; affd., 223 N. Y. 575.)

Moreover, the so-called Home Rule Act (Gen. City Law, § 20, subd. 5, as added by Laws of 1913, chap. 247) empowers the payment or compromise of claims equitably payable by the city though not constituting obligations legally binding on it. Section 231 of the Greater New York charter (as amd. by Laws of 1912, chap. 501) specifically prescribes cases where expenses in the nature of the claim of the petitioner may be paid by the city, and the cases specifically mentioned do not include expenses incurred by a county officer in defending a criminal prosecution against himself. We think it was the legislative intent in thus specifically mentioning claims which were properly payable by the city to restrict such claims to those mentioned and that expenses incurred not within the specified class cannot be allowed or paid.

The petitioner relies chiefly upon a decision of the New York Supreme Court in 1919 in *People ex rel. Swan* v. *Craig* (N. Y. L. J. Dec. 13, 1919), where the Special Term granted a writ of mandamus apparently holding that both section 246 of the charter and section 20, subdivision 5, of the Home Rule Act justify the presentation of

such claim by the comptroller to the board of estimate and apportionment. The claim arose from expenditures of District Attorney Swan in defending himself before the Governor on charges preferred against him for his removal as a county officer. We do not regard said decision of the Special Term binding upon us. That case involved expenditures incurred in opposing a proceeding to remove a public officer and is clearly distinguishable from the case at bar where the expense was incurred by the petitioner in defense of a criminal charge.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the application of the relator denied, with fifty dollars costs.

CLARKE, P. J., SMITH and McAVOY, JJ., concur; DOWLING, J., concurs in result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.