In the Matter of the Application of WILLIAM E. SHADDOCK for a Peremptory Order of Mandamus.

Supreme Court, Erie County, February 1, 1927.

**Municipal corporations — peremptory order of mandamus to compel payment by city of Buffalo of balance of sum due for work performed and materials furnished under contract — common council passed resolution directing payment of claim after injunction preventing payment was sustained by Court of Appeals — payment is not violation of injunction — city of Buffalo had right to recognize claim under General City Law, § 20 — claim is not one for extra compensation under General City Law, § 20 — mandamus order granted.**

Plaintiff, who was awarded a contract by the city of Buffalo for certain work performed and materials furnished, with six separate items as extras, is entitled to a peremptory order of mandamus compelling the payment of the balance due under said contract where the common council of the city of Buffalo, after the Court of Appeals had sustained a permanent injunction preventing future payments under the contract, enacted a resolution directing the payment of the indebtedness on the ground that the city had been the recipient of petitioner's labor and materials and was, therefore, under a moral or equitable obligation to pay. The proposed payment is not under the contract, but by resolution based on what the common council determined to be an equitable obligation; said resolution is not, therefore, a violation of the injunction heretofore granted.

Municipal corporations have power to recognize such claims, under section 20 of the General City Law.

Since the claim is not one for extra compensation, section 20 of the General City Law, reciting that a city shall have no power to grant extra compensation to any contractor, is not applicable.

APPLICATION for a peremptory order of mandamus.

*Frank J. Fitzpatrick,* for the petitioner.

*Frederic C. Rupp, Corporation Counsel,* for the City of Buffalo.

*Henry Adsit Bull,* for the intervening taxpayer.

HORTON, J. Petitioner was awarded a contract by the city of Buffalo for certain plumbing and heating work with six separate items as extras. Subsequently, in a taxpayer's action, this contract was held to be illegal because of the failure of petitioner to submit separate bids upon each of the six extras and the city was permanently enjoined from making further payment to petitioner " under the contract in question."

This contract was signed the day after this court at Special Term upon a motion for a preliminary injunction had decided that the contract was valid; and, presumably in reliance upon this decision, the petitioner completed his contract and was paid, all of the amount due thereon except about $7,500, when the permanent injunction was granted preventing future payments. There is no evidence of fraud, collusion or bad faith on the part of petitioner or the city.

After the Court of Appeals had sustained this injunction, the city council passed a resolution directing the payment of the $7,500 to the petitioner, upon the ground that the city had received the benefits of his labor and materials and was, therefore, under moral obligation to pay for them. One William Gordon Fraser, the same taxpayer who had prosecuted the action resulting in the permanent injunction against the payment under the above contract, served notice on the disbursing authorities that payment, even under the resolution of the city council, was illegal, and the commissioner of finance and accounts declined to pay without a court order. Hence this proceeding.

The asserted illegality of the payment under this resolution was based upon three claims: *First,* that it would be a violation of the injunction already referred to; *second,* that while the Legislature of the State has power to authorize the payment of an equitable obligation, it cannot delegate such power to municipalities; and, *third,* that this payment would grant extra compensation to a contractor which is expressly prohibited by subdivision 5

of section 20 of the General City Law (as added by Laws of 1913, chap. 247).

None of these claims seems tenable to this court. The proposed payment is not " under the contract " but by resolution based upon what was determined by the council to be an equitable or moral obligation. (See *Ward* v. *Kropf,* 207 N. Y. 467, 474; *People ex rel. Dady* v. *Prendergast,* 144 App. Div. 308; mod. and affd., 203 N. Y. 1.) It is, therefore, not a violation of the injunction. The power of municipalities to recognize claims such as this seems clear under section 20 of the General City Law. (See, also, City Home Rule Law [Laws of 1924, chap. 363], § 30.) Section 20, subdivision 5, of the General City Law, which provides that a city " shall have no power * * * to grant extra compensation to any * * * contractor," does not apply here. This is not a case of extra compensation.

In order that the taxpayer, Fraser, may be in position to review this order if he desires, he is made a party hereto, and all papers herein may be deemed amended so as properly to include him as such. The motion for peremptory order of mandamus is granted.