In the Matter of the Application of William E. Shaddock, Respondent, for a Peremptory Mandamus Order against William F. Schwartz, Commissioner of Finance and Accounts of the City of Buffalo and Another, Defendants.

William G. Fraser, Intervenor, Appellant.

Fourth Department, May 4, 1927.

Municipal corporations — contract by petitioner for construction of hospital was held to be illegal — petitioner thereafter filed claim for work actually done — General City Law, § 20, subd. 5, gives cities power to compromise claims equitably payable though not legally binding — common council did not have authority to direct issuance of warrant for full amount of petitioner's claim including profits — council may compensate petitioner for actual expenses in performing work but may not allow profits.

The petitioner held a contract for the construction of a hospital in the city of Buffalo and had completed part of the work when further payments on the contract were enjoined on the ground that the contract was illegal. The common council of the city of Buffalo thereafter, purporting to act under the authority of subdivision 5 of section 20 of the General City Law giving it the right to pay equitable claims which were not legally binding, voted that a warrant be issued to the petitioner for the full amount remaining unpaid on the illegal contract. The petitioner is not entitled to an order of mandamus directing the delivery of the warrant, for the action of the common council was illegal, since it amounted to nothing more than a payment on the illegal contract which has heretofore been enjoined.

The common council may, however, determine the amount which the city has been enriched at the expense of the petitioner and authorize the payment of that sum. Such a payment would compensate the petitioner for all moneys he expended, but would not allow him profits.

APPEAL by the intervenor, William G. Fraser, from a peremptory mandamus order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 15th day of February, 1927.

*Henry Adsit Bull,* for the appellant.

*Frank J. Fitzpatrick* [*William P. Brennan* of counsel], for the respondent.

PER CURIAM. By a judgment in a former action the city of Buffalo, its officers and agents, were enjoined from making any other or further payments to the present petitioner upon a certain contract for work at the Perrysburg Tuberculosis Hospital of the city of Buffalo which contract was determined to be illegal. (*Fraser* v. *City of Buffalo,* 215 App. Div. 861; affd., 243 N. Y. 554.) The petitioner thereafter filed with the council of the city of Buffalo a petition setting forth that a large amount of work had been done by him under this contract in good faith and in reliance upon its validity, and that the city was enjoying the benefit of this work, but that he had not received full compensation therefor, and praying the payment of $7,500. The corporation counsel of the city of Buffalo rendered an opinion to the effect that under the provisions of subdivision 5 of section 20 of the General City Law (as added by Laws of 1913, chap. 247), giving to cities the power " to pay or compromise claims equitably payable by the city, though not constituting obligations legally binding on it," the city of Buffalo was authorized to compromise or pay the claim of the petitioner. Thereafter, the council voted that a warrant for $7,837.12 be drawn in favor of the petitioner to pay his claim, three councilmen voting in favor of the payment, one against it and one councilman being absent. The amount thus voted is the exact amount remaining unpaid to the petitioner upon the illegal contract for the work which he has done. The warrant not having been delivered to the petitioner in accordance with this resolution, this proceeding was brought to compel its delivery.

On this record we are of the opinion that the payment voted by the council is a payment upon the illegal contract, and is a payment which has been expressly enjoined.

Nothing in this decision is to be construed as preventing the council of the city of Buffalo from determining that Shaddock has a claim equitably payable by the city for the amount which the

city has been enriched at his expense by the labor done and materials furnished by the petitioner. (*People ex rel. Dady* v. *Prendergast*, 203 N. Y. 1, modfg. and affg. 144 App. Div. 308; *Ward* v. *Kropf*, 207 N. Y. 467, 474.) Such a payment would compensate the petitioner for all his expenses and would free him from loss, but would not allow him profits.

The order should be reversed, with costs to the appellant, and the petition dismissed, with costs to the appellant.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order reversed and petition dismissed, with costs to appellant.