Henry W. Theisen, Esq. Informal Opinion County Attorney No. 97-20 County of Tompkins 125 East Court Street Ithaca, N Y 14850
Dear Mr. Theisen:
You have asked whether a county, using the county attorney, may sue on behalf of a county official for defamation of character where the official has been defamed by an individual on a local television program produced on the public access channel. You have explained that the county official in question, the airport manager, discovered that a private security firm under contract with the county had hired a convicted felon as an airport security officer. The manager informed the security firm, which then fired the employee, who apparently had lied on his employment application. You state that as a result of this action by the airport manager, he has been subject to defamatory programming on a public access television station produced by the fired individual. Further, you indicate that the defamatory statements do not relate to the airport manager's county employment but allege that he engages in immoral acts. You believe, however, that the attack on the county employee was the result of his performance of duties on behalf of the county.
Under provisions of the County Law, the county attorney is the legal advisor to the county legislative body and to every officer whose compensation is paid from county funds in all matters involving an official act of a civil nature. County Law § 501. It is the county attorney's responsibility to prosecute and defend all civil actions and proceedings brought by or against the county, its legislative body and any officer whose compensation is paid from county funds, for any official act.
Id.
In our view, the above provisions of the County Law do not authorize the county attorney to represent a county official as a plaintiff in a defamation of character action. Section 501 of the County Law gives the county attorney the duty to prosecute and defend all civil actions and proceedings brought by or against any county officer whose compensation is paid from county funds, "for any official act". We believe that this provision is limited to matters such as enforcement of official actions taken by a county officer on behalf of the county and its residents. An example is litigation brought by a county official on behalf of the county to enforce a local law.
Representation of the subject official as a plaintiff in a defamation action does not, in our view, fall within section 501 of the County Law.
The Court of Appeals has noted that without legal authority, a municipality may not assist a public official in defense of a civil action or proceeding brought against that official even where the actions forming the basis for the litigation fall within his or her employment.
 One of the risks traditionally associated with the assumption of public office is that of defending oneself against charges of misconduct at one's own expense (Matter of Chapman v. City of New York, 168 N Y 80, 85-86). The public owes no duty to defend or even aid in the defense of such a charge. As was said in Matter of Chapman(supra), at p 86): "Whoever lives in a country governed by law assumes the risk of having to defend himself without aid from the public, against even unjust attempts to enforce the law, the same as he assumes the burden of taxation . . . Asking for aid to pay the expenses of a defense already made from one's own resources, is like asking for aid in the payment of taxes or the discharge of any public burden. It is not a city or county purpose, but a mere gift" (see, also, Leo v. Barnett, supra; Buckle v. City of New York, 289 N.Y. 742, affg 264 App. Div. 116; Matter of Guarino v. Anderson, supra; Matter of Kilroe v. Craig, 238 N.Y. 628, affg 208 App. Div. 93; 17 Opns St Comp, 1961, p 125; 12 Opns St Comp, 1956, p 479). Corning v. Village of Laurel Hollow, 48 N.Y.2d 348, 353 (1979).
The Court of Appeals proceeded to indicate that a municipality may enact local legislation providing for legal representation of its officials on a prospective basis. (See also, section 18 of the Public Officers Law.)
 This is not to question the power of the municipality to enact an ordinance empowering it to defend its officials who in the future may be charged with violating the law in the performance of their duties. Such a considered policy decision would raise no constitutional objections, for the cost of the defense would simply be considered additional remuneration (Matter of Guarino v. Anderson, supra, at pp 95-96; Mater of Duel v. Gaynor, 141 App. Div. 630, 631-632). But plaintiffs point to no statute or ordinance empowering the village, in the discretion of its governing body, to assume the responsibility of their defense. Rather, they seek an order declaring that the village must reimburse them for expenses previously incurred — expenses which vindicated their interests alone. It is precisely this result which our Constitution prohibits. Corning v. Village of Laurel Hollow, 48 N.Y.2d 348, 354, supra; emphasis added.
Thus, without existing enabling legislation, a municipality may not provide legal representation to an employee.
We conclude that section 501 of the County Law does not authorize the county attorney to represent a county official as a plaintiff in a defamation of character action.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions