## CHAMPLAIN & S. R. CO. v. OSTRANDER.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. EMINENT DOMAIN (§ 253*)—CONDEMNATION PROCEEDINGS—APPEAL.

Whether or not judgment as on default in condemnation proceedings is appealable, or review thereof should be worked out through appeal from the final order on the coming in of the report of the commissioners, as to which there seems to be a conflict of decisions, appeal from the judgment, in the absence of motion to dismiss, will be entertained; it appearing justice will thus be best subserved.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 660–664; Dec. Dig. § 253.*]

2. EMINENT DOMAIN (§ 192*)—CONDEMNATION—ANSWER—OFFER TO PURCHASE.

Defendant G., in proceedings to condemn a right of way through lands, record title of which was in defendant F., by his answer alleging that to petitioner's knowledge he had some equitable interest in the real estate and the right, through contract with F., to convey the right of way, and that the petitioner had made no effort to purchase his interest nor made him an offer therefor, tenders a pertinent issue, though F. does not answer.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 519–521; Dec. Dig. § 192.*]

Kellogg, J., dissenting.

Appeal from Special Term, Essex County.

Condemnation proceedings by the Champlain & Sanford Railroad Company against George N. Ostrander and another. From a judgment decreeing the right to condemn for railroad purposes, preliminary to the appointment of appraisers, defendant Ostrander appeals. Reversed, and rehearing directed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Edward M. Angell, for appellant.
Lewis E. Carr, for respondent.

HOUGHTON, J. The respondent is a railway corporation and instituted proceedings for the condemnation of lands the record title of which was in Finch, Pruyn & Co., Incorporated. The appellant, Ostrander, was made a party, and it was alleged in the petition that he had some right or interest in the property sought to be condemned. On the return day of the petition he appeared and tendered an answer to the effect that he had some equitable interest in the real property and the right through contract with Finch, Pruyn & Co., Incorporated, to convey or furnish conveyance of the right of way sought by the condemnation proceedings, of all of which the petitioner had knowledge and notice, and that the petitioner had made no effort to agree with him for its purchase or made him any offer so to do. Finch, Pruyn & Co., Incorporated, did not appear or file any answer, and the learned court at Special Term held that, in the absence of answer on its part, the answer tendered by the defendant raised no issue, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the petitioner was under no obligation to attempt to agree with the appellant as equitable owner, and granted judgment as upon default.

The defendant Ostrander appeals. On the argument it was suggested that no appeal could be taken from the judgment so entered until the same should be brought up through an appeal from the final order made upon the report of the commissioners of condemnation as provided in section 3375 of the Code. But no motion to dismiss the appeal was made.

This court, in Village of St. Johnsville v. Smith, 61 App. Div. 380, 70 N. Y. Supp. 880, and again in Stillwater, etc., R. Co. v. B. & M. R. R. Co., 67 App. Div. 367, 73 N. Y. Supp. 744, held that an appeal would not lie from such a judgment except through appeal from the final order on the coming in of the report of the commissioners, following Erie Railroad Co. v. Steward, 59 App. Div. 187, 69 N. Y. Supp. 57, decided by the Second department. The contrary seems to have been held in the Fourth department in Hooker v. City of Rochester, 57 App. Div. 530, 68 N. Y. Supp. 301, and in Matter of City of Rochester in Re Neun, 102 App. Div. 99, 92 N. Y. Supp. 478, and by the First department in Matter of the Mayor, 22 App. Div. 124, 47 N. Y. Supp. 965, although the decisions are complicated somewhat with the provisions for condemnation contained in the charters of the two cities.

[1] Whether the order be appealable or not, in view of the fact that no motion to dismiss was made, we think justice will be best subserved in the present instance by entertaining the appeal and passing upon the question involved to the end that the necessarily tedious view by the commissioners of the premises and the possible taking of voluminous testimony may not be ineffectual.

[2] The appellant was made a party, and it was alleged in the petition that he had some interest. His answer set forth an equitable interest known to the petitioner, with a right to convey the entire right of way for which condemnation was instituted. Section 3358 of the Code defines the terms used in the Condemnation Law, and "real property" is said to be "any right, interest or easement therein or appurtenances thereto," and the term "owner" is defined to be "all persons having any estate, interest or easement in the property to be taken, or any lien, charge or incumbrance thereon." It was held by this court in People v. Thornton, 122 App. Div. 287, 106 N. Y. Supp. 704, that one holding an unexpired lease of lands taken by eminent domain was an owner thereof within the meaning of the Condemnation Law and entitled to be treated as such at least upon the question of costs.

In Matter of R. H. & L. R. R. Co., 110 N. Y. 119, 17 N. E. 678, where it was held negotiations for purchase need not be had with the lessee, the lessee merely had a right to lay a track across lands for a limited time, and the track was laid manifestly for the purpose of obstructing the condemnation proceedings of a rival railroad. The decision was put upon the ground of bad faith on the part of the lessee as well as upon the fact that it could not convey any interest

in the right of way sought to be condemned, all of which is exactly contrary to the situation here presented.

We think the appellant tendered an answer which should have been received and which raised an issue between the petitioner and himself for trial and determination, and that it was error to grant judgment ignoring his answer because the owner of the record title tendered no issue for the consideration of the court. If a petitioner in condemnation proceedings knows that one is an equitable owner of property sought to be condemned, it must treat him as owner.

We express no opinion upon the merits of the answer tendered, except to say that, in view of the knowledge of the plaintiff of the interest which the appellant claimed in the right of way or the lands through which it ran, the allegation that the plaintiff had made no effort to purchase the appellant's interest or made him any offer therefor tendered a pertinent issue for consideration.

It follows that the judgment must be reversed, and a rehearing directed, with costs to the appellant to abide the event. All concur, except KELLOGG, J., dissenting in memorandum, and BETTS, J., not voting.

JOHN M. KELLOGG, J. (dissenting). It is clear that an effort was made to purchase of Finch, Pruyn & Co., the owners of the title. Ostrander claims to have an executory contract with them, by which he can require a conveyance of the property to him. His contract was not recorded. If he be considered the owner of the property, he had intrusted his apparent ownership to them.

An effort to purchase with them, in my judgment, justifies the proceedings. On the question of costs, it is true that an effort must be made to purchase of every person interested as owner; otherwise the petitioner becomes liable for costs. But, if one owner refuses to sell, then a condemnation is necessary, and on the merits it is immaterial whether notice has been served upon every party interested.

It was manifestly impossible to acquire, by purchase, this property, without the co-operation of Finch, Pruyn & Co., and they had declined to act. Therefore condemnation was necessary.

While the defendant Ostrander in his answer alleges that the contract for the right of way with the railroad company was still in existence, the court asks counsel if notice had not been given terminating it, as provided in the contract. The reply shows that there was no dispute; but the two years had elapsed, and notice had been given terminating it. The appellant contended that, because the railroad interests had delayed in starting the road, they could not take advantage of the lapse of the two years. That position, I think, is untenable. Therefore no issue was raised by the defendant Ostrander in his answer which was not met upon the trial.

I favor an affirmance of the order.