THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
MAY L. FISHER, Defendant.

LE ROY CRAWFORD, Intervening, Respondent.

**Real property — action to compel determination of claim — one
having no interest in claim cannot intervene.**

In an action to determine a claim to real property, one who claims
no interest in the property may not be allowed to intervene for the
purpose of establishing the right of one of the parties thereto, even
though he asserts an interest in the question to be decided in the
action.

*People* v. *Fisher*, 157 App. Div. 899, reversed.

(Argued October 21, 1913; decided November 18, 1913.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered May 7, 1913, which affirmed an
order of Special Term granting an application of the
respondent for leave to intervene and be made a party
defendant.

The following question was certified: "Is the appli-
cant Le Roy Crawford a person who has an interest
in the subject of this action, with the right, under the
provisions of section 452 of the Code of Civil Procedure,
to be made a party defendant to this action ?"

The facts, so far as material, are stated in the opinion.

*Thomas Carmody, Attorney-General* (*John T. Norton*
of counsel), for appellant. The respondent is not such a
person as may be made, upon his own application, a party
to this action. (*Merchants' National Bank* v. *Hage-
meyer*, 4 App. Div. 52; *Tysen* v. *Tysen*, 137 App. Div.
134; *Bauer* v. *Dewey*, 166 N. Y. 402.) This action cannot
be transformed upon the pretense that the respondent has
an interest in the subject of the action and may, on that
account, force himself in to censor the ascertainment of
the legal rights of the plaintiff and the defendant as to

the title to the real property involved. (*Bauer* v. *Dewey*, 166 N. Y. 402.)

*R. S. Johnson* for respondent. Crawford's interest in the subject of this action entitles him to the relief asked as a matter of right, and the court must grant his application to intervene in said action. (Code Civ. Pro. § 452; *Uhlefelder* v. *Tamsen*, 15 App. Div. 436; *Ashton* v. *City of Rochester*, 133 N. Y. 187; *People* v. *A. & V. R. R. Co.*, 77 N. Y. 232; *Gittleman* v. *Feltman*, 191 N. Y. 205.)

MILLER, J. This action was brought pursuant to article 5, title 1, chapter 14 of the Code of Civil Procedure to compel the determination of a claim to real property. Prior to the year 1909 the defendant Fisher was concededly the owner of the premises in question. In the month of January of that year the state attempted to appropriate them as a part of the forest preserve. It is apparent that the real purpose of this action is to procure an adjudication that said attempted appropriation was invalid and there is no real controversy between the state and the defendant Fisher on that point. Prior to the attempted appropriation the defendant Fisher entered into a contract with the St. Regis Paper Company to allow the latter to cut certain timber, and the latter employed the respondent to do some of the work of cutting, skidding and delivering the timber. The respondent entered upon the performance of his contract, and claims to have invested a large sum of money in the purchase of perishable property and in the preliminary work of constructing roads, bridges, camps, etc., which was rendered valueless to him when his work was stopped by the constructive possession assumed by the state upon the attempted appropriation by it of the land, and he has filed a claim for damages with the Board of Claims. He asserts that he is interested in the subject of the action

and is entitled to intervene pursuant to section 452 of the Code of Civil Procedure.

The respondent does not claim to have any interest in the real property the title to which may be affected by the judgment. Indeel, he distinctly disavows having any such interest, and asserts that the attempted appropriation by the state was valid and effectual to vest title in the state. He does not wish to intervene to contest any claim of the state to title, but asserts in effect that the action is not being properly prosecuted by the state and that his purpose, if allowed to intervene, is to establish the state's title.

We know of no provision of law authorizing a person to be substituted for the plaintiff on the theory that the latter is not properly guarding his own rights. The respondent has and claims no interest whatever in the subject of the action, i. e., the title to the real property in question. He asserts an interest in the question to be decided in the action. Courts sometimes hear counsel as *amicus curiæ* though their clients are not interested in the subject of the action, but it would lead to intolerable abuses if persons interested only in the question to be decided were allowed to intervene and interfere with the conduct of the cause. The respondent evidently supposes that the judgment to be rendered in this action may affect the determination of his claim before the Board of Claims, but his rights, whatever they may be, cannot be prejudiced by a judgment not binding upon him.

The orders of the Appellate Division and of the Special Term should be reversed and the motion denied, with costs in all courts, and the question certified answered in the negative.

CULLEN, Ch. J., GRAY, WERNER, COLLIN and CUDDEBACK, JJ., concur; HOGAN, J., not sitting.

Orders reversed, etc.