BROOKLYN COOPERAGE COMPANY, Appellant, v. THE A. SHERMAN LUMBER COMPANY, Defendant.

EVA S. CLARK, as Executrix of PLINY J. CLARK, Deceased, Respondent.

Parties — plaintiff in action at law, who seeks money judgment only, cannot be compelled to bring in as defendant a third party.

In an action at law where the plaintiff seeks a money judgment only, he cannot be compelled under section 452 of the Code of Civil Procedure to bring in as a defendant a third party on the application of the latter. (*Bauer* v. *Dewey*, 166 N. Y. 402; *Garrigues Co.* v. *Casualty Co. of America*, 220 N. Y. 588, followed.)

*Brooklyn Cooperage Co.* v. *Sherman Lumber Co.*, 175 App. Div. 246, reversed.

(Argued February 27, 1917; decided March 6, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department entered December 20, 1916, which reversed an order of Special Term denying a motion by the respondent herein for leave to intervene and to be brought in as a party defendant in this action and granted said motion.

The following question was certified: "Has Eva S.

Clark, as executrix of the last will and testament of Pliny J. Clark, deceased, such interest in the subject of this action as to entitle her to be made a party defendant in this action on her own application?"

*John P. Kellas* for appellant,

*George E. Van Kennen* and *W. O. Daniels* for respondent.

*Per Curiam.* This is an action for trespass. The complaint demands judgment for a sum of money only. Plaintiff and defendant both claim title to the lands. The defendant claims to have acquired the title of respondent's testator with covenants of warranty and quiet enjoyment. Respondent has been notified to defend the action.

In an action at law where the plaintiff seeks a money judgment only, he cannot be compelled under section 452 of the Code of Civil Procedure to bring in as a defendant a third party on the application of the latter. (*Bauer* v. *Dewey,* 166 N. Y. 402; *Garrigues Co.* v. *Casualty Co. of America,* 220 N. Y. 588.)

The subject of this action is the alleged trespass. Respondent has no title to or interest in the property, real or personal, described in the complaint which can be affected by the judgment, and, therefore, no interest in the subject of the action. She may be interested in or affected by the result but that is not enough. The plaintiff has no interest in the possible claim of the defendant against the respondent. If it makes her party to this action it cannot state a cause of action against her or obtain any relief against her.

The order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the negative.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.