HENRY MANDEL, Respondent, *v.* GUARDIAN HOLDING COMPANY, INC., Defendant, Impleaded with JAMES T. LEE, Intervenor, Appellant.

First Department, June 11, 1920.

Parties — action to compel specific performance of option to purchase — right of person holding contract of purchase subject to said option to be made party.

The holder of a contract to purchase property subject to a prior existing option has a right to be made a defendant under section 452 of the Code of Civil Procedure in a suit by the holder of the option to compel the specific performance of the option contract.

It is not necessary under section 452 of the Code of Civil Procedure that the third party shall have rights in the subject-matter of the action or in the real estate that is to be affected by the judgment in the action superior to the plaintiff, but it is sufficient if such party is necessary to a complete determination of the controversy or has an interest in real property the title to which may in any manner be affected by the judgment.

APPEAL by the defendant, James T. Lee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1920, denying the motion of

James T. Lee for leave to intervene and be made a party. defendant herein.

*Louis Salant* of counsel [*Joseph J. Cunningham* with him on the brief; *Aronson & Salant,* attorneys], for the appellant.

*Joseph J. Corn* of counsel [*Eisman, Lee, Corn & Lewine,* attorneys], for the respondent.

*Robert E. McLear,* for the defendant.

PAGE, J.:

This action was brought by Henry Mandel against the Guardian Holding Company, Inc., for the specific performance of an alleged agreement dated November 18, 1919, whereby the defendant gave to the plaintiff an option for a period of sixty days to purchase the premises 471–473 Fifth avenue and 4–6 East Forty-first street at a consideration of $1,200,000 upon certain terms and conditions therein specified. One of the terms and conditions is:

" (6) In the event that this option is exercised, and contract made, upon such terms as are acceptable to us, [defendant] that the purchaser pay down on contract on account of purchase price a sum of $25,000. * * * Title is to be taken and passed on or about March 1st, 1920, if option to purchase is exercised."

Thereafter, and on the twenty-seventh day of December, the defendant entered into a contract to sell the premises to the Barclay Holding Company, together with other premises therein described. This contract recites that the premises are subject to the following incumbrances:

" * * * 4. An option for the sale of said premises for $1,200,000 which expires on January 17th, 1920.

" It is understood and agreed that should the party who holds the option for the purchase of said premises elect to purchase the same, and the party of the first part herein, is. unwilling [stated to be a misprint for willing] to have a conveyance made to such party upon the terms provided for in said option, then this agreement may, at the option of the party of the first part [Barclay Holding Company], be declared null and void."

On or about the 5th day of January, 1920, the Barclay Holding Corporation entered into a contract with James T. Lee, wherein and whereby it agreed to sell to Lee the premises in suit subject to the following incumbrances:

" 2 — Rights if any of Henry Mandel under an option of purchase dated November 18th, 1919."

On the 13th day of January, 1920, the complaint alleges, the plaintiff duly tendered to the defendant the sum of $25,000 as deposit on the contract of purchase of said premises pursuant to the terms of said agreement, and requested performance by the defendant; that the defendant refused and still refuses to present to the plaintiff a properly drawn contract of sale of said premises signed by the defendant which will conform to the terms of said agreement as therein provided. Immediately thereafter this action was commenced. The summons, complaint and notice of the pendency of the action were filed in the office of the clerk of the county of New York on the 14th day of January, 1920. On February 2, 1920, the defendant conveyed the property to the Barclay Holding Corporation. On January twenty-second a motion was made on behalf of James T. Lee to be allowed to intervene as a party defendant. This motion was denied, with leave to renew upon papers which should set forth a copy of the agreement between Lee and the Barclay Holding Corporation and a copy of the agreement between the corporation and the defendant if it could be procured, and which should clearly show on what ground the applicant bases his contention that his rights are superior to those of plaintiff. Pursuant to this leave, a notice of motion was served on February fifth for leave to intervene, and was denied by the justice then presiding for the reason that the papers did not, as required by the leave to renew the motion, " clearly show on what ground the applicant bases his contention that his rights are superior to those of the plaintiff."

In my opinion the motion should have been granted. Section 452 of the Code of Civil Procedure provides: " The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And

where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

This section is not so narrowly limited as the justice at Special Term would seem to imply. It is not necessary that the third party shall have rights in the subject-matter of the action or in the real estate that is to be affected by the judgment in the action superior to the plaintiff. It is sufficient that such party is necessary to a complete determination of the controversy or has an interest in real property the title to which may in any manner be affected by the judgment. It is clear that the title to this property will be affected by the judgment if the plaintiff should succeed, and that the rights of the moving party, Lee, will be seriously affected thereby, unless it be that the action is not brought in good faith and merely for the purpose of recovering damages against the defendant for a breach of the contract which it will be required to make and which it cannot perform. If the plaintiff by his opposition to this motion intends to rely upon the latter ground he cannot sustain this action, for his remedy is for a breach of the contract to give an option and not for specific performance of the option agreement, whereby the contract which it is now impossible for the defendant to perform should be given.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.