THOMAS L. LYONS and Another, Respondents, *v.* ELIZABETH WHITE WYLDE, Individually and as Executrix, etc., of EDWARD WYLDE, Deceased, and Others, Defendants.

ELEVATOR SUPPLIES COMPANY, INC., Appellant.

First Department, March 19, 1926.

**Executors and administrators — action for accounting and to remove executrix and trustee — plaintiffs allege that investment in stock of defendant corporation is improper — answer alleges conspiracy to destroy estate and injure corporation and to obtain control thereof — application of corporation to be made party defendant granted.**

In an action to compel an accounting and to remove the executrix and trustee on the ground that an investment in the stock of a corporation was improper, the application by the corporation to be made a party defendant should have been granted, since the answer alleges that the action is based on a conspiracy to compel the immediate sale of the shares of stock which represent a voting control in the corporation, and to destroy the estate and injure the corporation. In view of the answer and the supporting affidavit, it is apparent that the corporation is vitally interested in the outcome of the case and should be permitted to defend itself.

APPEAL by the Elevator Supplies Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1925, denying said appellant's motion for leave to intervene as a party defendant.

*Davies, Auerbach & Cornell* [*Charles H. Tuttle* of counsel; *Murray C. Bernays* with him on the brief], for the appellant.

*Stewart & Shearer* [*M'Cready Sykes* of counsel; *William A. W. Stewart* with him on the brief], for the respondents.

DOWLING, J.   This is a suit in equity brought by the assignees of one of the remaindermen under the trust created by the will of Edward Wylde, deceased, for an accounting by the trustee.   It appears from the complaint that the chief asset of the estate is a large block of common stock of the Elevator Supplies Company, Inc., and one of the questions presented by the complaint for determination is whether such stock is a proper permanent investment for the trust estate.   The action purports to seek the removal of the defendant Elizabeth White Wylde, as executrix and trustee under the will of her late husband.   The true objective of the action, however, it is claimed, is to compel the immediate sale by Mrs. Wylde of 6,340 shares of the common stock of the appellant, Elevator Supplies Company, Inc., representing a bare voting control in that corporation; and pending such order of sale, to deprive Mrs. Wylde of the right to vote such stock.

The answer of Mrs. Wylde alleges that this action is one step in a conspiracy initiated shortly after the death of her late husband in 1920, and actively maintained ever since, for a two-fold purpose: *First*, to destroy the estate of which Mrs. Wylde is trustee; and *second*, to destroy the Elevator Supplies Company, Inc., the voting control of which is the chief asset of the said estate.

Such allegations occur in an affirmative defense that the plaintiffs, who are attorneys, do not come into court with clean hands; and in a counterclaim against the plaintiffs and other persons for damages caused by the conspiracy and for an injunction against the continuance thereof.

The moving affidavit of Crowell, the president of the Elevator Supplies Company, Inc., shows that Martin, who is alleged in the answer to be one of the conspirators, and who was a former officer and employee of the company, has a suit pending in the United States District Court for the Southern District of New York, wherein he is one of the plaintiffs and the said company is one of the defendants.   He has appeared in this action by the same attorneys who represent him in the District Court action, and though a defendant herein, has interposed an answer in which he admits all the allegations of the complaint and by way of counterclaim affirmatively demands the same relief which is sought in the complaint herein.   Crowell further says upon information and belief that the conspiracy alleged in the answer of the defendant Wylde exists with the objects and purposes set forth, and has done substantial damage to the Elevator Supplies Company, Inc.

Upon a prior appeal herein (215 App. Div. 656) this court, in passing on an order for the examination of the plaintiffs, indicated by its decision that one of the counterclaims asserted by the defend-

ant Wylde was really a cause of action residing in the Elevator Supplies Company, Inc., and could not be asserted by her.

It seems to me that if the present action is a part of a general scheme or conspiracy to destroy the company, as is asserted by the defendant Wylde and the proposed intervenor, that fact would have to be established by the defendant executrix to defeat the plaintiffs' action and demonstrate that it was not brought in good faith but for ulterior purposes, and that, therefore, the relief of a court of equity should not be granted to plaintiffs. In the effort to establish or defeat such a claim, no one can be more vitally interested than the Elevator Company, the voting control of whose stock is to be determined in the action. It should, therefore, be permitted to intervene therein.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.