YONKERS RAILROAD COMPANY, Plaintiff, *v.* CITY OF YONKERS and Others, Defendants.*

Supreme Court, Westchester County, September 9, 1926.

Municipal corporations — action to restrain granting of consent to operate motor buses in city of Yonkers — bidder for bus operation not necessary or proper party under Civil Practice Act, § 193, subd. 3— applicant's attorney may appear as amicus curiæ.

In a taxpayer's action to restrain the city of Yonkers from granting consents for the operation of motor buses over certain routes, a corporation which has submitted a bid for bus operation is not a necessary or proper party under subdivision 3 of section 193 of the Civil Practice Act, but since it is interested in the result of the action, the court will permit its counsel to appear as *amicus curiæ.*

MOTION by Merchants' Community Bus Transit, Inc., for leave to intervene.

*Alfred T. Davison,* for the Yonkers Railroad Company.

*Daniel J. Cashin* and *Arthur C. Hume, Corporation Counsel,* for City of Yonkers and others.

TAYLOR, J.   The Merchants' Community Bus Transit, Inc., which has submitted a bid for bus operation with the officials of the city of Yonkers, moves to intervene in this action, in which the plaintiff seeks to restrain the city of Yonkers and certain officials thereof from awarding or granting consents for the operation of motor buses under and pursuant to the ordinance adopted by the common council of the city of Yonkers on July 16, 1926.   While I consider that the applicant is interested in the question to be decided (see *People* v. *Fisher,* 209 N. Y. 392, 394), it is neither a necessary nor proper party.   (Civ. Prac. Act, § 193, as amd. by Laws of 1922, chap. 624, and Laws of 1923, chap. 250.)   The applicant is not shown to be in the category of a person entitled to intervene.   (Civ. Prac. Act, § 193, subd. 3.)   The motion to intervene is denied.   The applicant's learned counsel, however, will continue to be heard as *amicus curiæ* (*People* v. *Fisher, supra*), as, undoubtedly, his assistance to the court will be very beneficial and as the outcome of the matter will be of interest to the applicant because of its situation, as disclosed in the moving papers.   Ordered accordingly.   No costs.   Settle order on notice.

* See, also, 128 Misc. 108.