RHODA H. HOFFMAN, Appellant, *v.* WILLIAM E. BARDUSCH and Another, Respondents.

First Department, May 2, 1930.

*Merle I. St. John,* for the appellant.

*Harold A. Scheminger,* for the respondent Martha Howells.

*Theodore F. Humphrey,* for the respondent William E. Bardusch.

McAvoy, J. Plaintiff brought a common-law action against an attorney to recover money damages for failure to deliver to her certain bonds which were intrusted to the attorney to be delivered to the plaintiff by one Martha Howells in discharge of an obligation asserted to be owed by Martha Howells to the plaintiff.

Martha Howells moved at Special Term for leave to become a party defendant in the cause and was allowed to come into the suit. We conclude that the order was improperly granted and that she is not a proper party defendant, because this cause of action is a claim for a sum of money only as damages resulting from defendant's failure to deliver the bonds, or their value, to plaintiff. Whilst Martha Howells may be interested in the result of the action, such interest does not make the bonds the subject of the action.

The rule as to including parties in an action is given in *Brooklyn Cooperage Co.* v. *Sherman Lumber Co.* (220 N. Y. 642): " In an action at law where the plaintiff seeks a money judgment only, he cannot be compelled under section 452 of the Code of Civil Procedure [now sec. 193, subd. 3, of the Civil Practice Act] to bring in as a defendant a third party on the application of the latter. * * *

" The subject of this action is the alleged trespass. Respondent

has no title to or interest in the property, real or personal, described in the complaint which can be affected by the judgment, and, therefore, no interest in the subject of the action. She may be interested in or affected by the result, but that is not enough. The plaintiff has no interest in the possible claim of the defendant against the respondent. If it makes her party to this action it cannot state a cause of action against her or obtain any relief against her."

The controversy here between these parties can be completely determined without the presence of any other person. Plaintiff claims judgment for money — the value of the thing which defendant received — belonging to the plaintiff. Defendant sets up facts which, if proved, constitute a defense to the action. The presence of no other person is required to fully determine the issue, and the determination affects no other person's rights.

The object of this action is to obtain the payment of a debt due plaintiff from defendant. All defendant need show is that the bonds were not the bonds of the plaintiff. In an action for a money judgment a plaintiff may determine who shall be the parties, and no other persons may intrude themselves into the action against his will.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.