## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, COUNTY OF ORANGE, NEW YORK, et al.

District Court, S. D. New York.
Jan. 10, 1940.

CONGER, District Judge.

This is a motion by the Town of Highlands, Orange County, New York, to open a default and serve an answer under Section 98 of the New York Civil Practice Act, which is made applicable to the within condemnation proceeding by Section 12 of the New York Condemnation Law, Consol.Laws, c. 73.

The Town of Highlands does not object to the taking of the acreage by the government, but wishes to protect its water supply.

Under an act of Congress (dated March 3, 1931, 46 St.L. 1491) the government of the United States was authorized to acquire by purchase, condemnation or otherwise additional land in the vicinity of the United States Military Academy, at West Point, N.Y. Under this Act, commonly called the James Bill, the government has petitioned for condemnation of three parcels of land owned as follows: parcel (1) by Biagio Julian and his wife, parcel (2) by Dominic Scozzafava, and parcel (3) by Margaret C. Lehmann. These parcels comprise about two hundred and twenty acres in all.

In passing on this question it is not necessary for me to decide whether or not the default is one which is excusable, because it has been stipulated that I may pass upon the proposed answer as though this were a motion to dismiss a pleading for failure to state facts sufficient to constitute a cause of action.

I am not concerned with the argument whether or not a cross-complaint is a proper pleading or not.

I am passing on the answer as to its sufficiency as a defense. If I find that it sets up a good and meritorious defense, the default will be opened, and the pleading will stand; but if, on the contrary, I find that the defense is not a good and meritorious one, the default will not be opened. This was agreed upon at the argument of the motion before me. I understand there are other condemnation proceedings pending, but I am concerned only with this one, affecting these specific parcels. The question involved brings up for construction the following section of the James Bill: "Provided, That nothing herein contained shall adversely affect the existing water supply, its sources, or pipe lines of the town of Highlands, New York."

Kopald & Haft, of Highland Falls, N. Y., for Town of Highlands.

John T. Cahill, of New York City (Harry T. Dolan, of Binghamton, N. Y., of counsel), for petitioner-plaintiff.

It gets down to just what Congress meant by the terms "the existing water supply, its sources, or pipe lines of the town of Highlands, New York."

I think it must be conceded that prior to the passing of the James Bill the only existing water supply serving the inhabitants of the town, other than the water supply serving West Point and the individual wells, etc., serving individual inhabitants of the town, was the water system of the Village of Highland Falls, in the said Town of Highlands; that the source of this water supply of the Village was "Bog Meadow Pond"; that there were pipe lines in existence which were used to convey the water from "Bog Meadow Pond" to the said Village of Highland Falls.

While it may not be proper to discuss a question of fact on a motion of this kind, I think there will be no dispute if the land sought to be acquired in this proceeding in no way involves the said then existing water supply, its sources or pipe lines.

On the argument before me it was also conceded that the Town of Highlands itself, at the time of the passing of the James Bill, did not maintain a system for supplying water to its citizens, and none was maintained in said Town in any water district, or through any public instrumentalities in the Town, except as above stated.

As bearing on the question what Congress meant by the words before mentioned, both parties call my attention to the history of this bill, and to the hearings had in Congress prior to its passage.

As originally drawn the bill did not have in it that part which is now in controversy. That was added to it after a hearing held before Subcommittee No. 1, of the Committee of Military Affairs, House of Representatives, Seventy-First Congress, Third Session, a printed copy of which has been furnished me. There was a great deal of discussion about the taking of the land in this vicinity, much of which had to do with the tax rate, taking the land to be acquired off the tax rolls, etc. There was some discussion about the water supply. A number of witnesses appeared before the subcommittee, and on this question of water supply their main purpose was to protect principally the then existing water supply system, i.e. of the Village of Highland Falls. I am satisfied, that as a result of the various discussions had before this committee, the Act was changed to include the paragraph in controversy, to protect and save from harm the existing water supply system, then in existence, and then being used, which it must be conceded, was in connection with the Village of Highland Falls.

I am satisfied that Congress in passing this Act did not mean to refer to any future or potential water supply or source of such supply to the inhabitants of the entire Township. There is no question that if this taking in anyway adversely affected the water supply, its source, or pipe lines of the Village of Highland Falls, then this condemnation could not succeed. That is not the question raised here, however.

The cross-complaint fails to set out sufficient facts to bring it within the limitation which Congress intended to set up in acquiring the lands under this Act, and should not be allowed to stand. There is nothing in the cross-complaint to show that acquisition of this land will affect any part of the water supply which was in existence at the time of the passing of the James Bill. I think that the words in the bill "existing water supply, its sources or pipe lines" should be read together, and if that is so, the Village of Highland Falls, at the time of the passing of the bill, was the only community or political subdivision of the Town which had an "existing water supply, its sources or pipe lines." Applying this rule, and interpreting the Act as I have, the cross-complaint fails to set forth a meritorious defense.

The moving party in its brief states that it received a letter from the former Secretary of War, and after receiving it, withdrew its objection to the James Bill. After this withdrawal, the James Bill was passed by Congress. I do not regard this letter as bearing upon the issue herein. That is a matter that the Town will have to take up with the War Department.

The letter does confirm my opinion that the words in controversy herein refer only to the water supply system which was in existence at the time of the passing of the Act. The letter of the former Secretary of War refers specifically to the Village of Highland Falls, and to another community known as Fort Montgomery, which was mentioned during the hearing.

I am satisfied that the answer must fall for another reason. The answer does

not specifically object to the condemnation and to the taking, but asks that when the condemnation decrees or orders are granted, that it may contain provisions to adequately safeguard the existing water supply of the Town of Highlands, etc., and make provisions for the inhabitants of the Town of Highlands for an adequate source of water supply to take the place of the water shed which would thus be cut off by the taking from the inhabitants of the Town of Highlands. In other words, the answer is no objection to the condemnation, but relief is asked for by way of provisions and regulations concerning the supply of water to the inhabitants of the Town of Highlands. I doubt if this Court has any jurisdiction to make such regulations. The remedy asked for herein is essentially a legislative problem rather than one for judicial determination. The only question involved is whether or not, under the Act and the limitation therein contained, these parcels may be taken by condemnation.

Under all the circumstances, I feel that the answer of the Town of Highlands does not set up a meritorious defense and therefore the motion should be denied. Settle order on notice.