UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS. ORANGE COUNTY, N. Y., et al.

District Court, S. D. New York.
July 14, 1942.

See, also, 48 F.Supp. 306.

Harry T. Dolan, Sp. Asst. to Atty. Gen. for petitioner.

Kopald & Haft, of Highland Falls, N. Y., for Village of Highland Falls.

Elwood C. Smith, of Monroe, N. Y. for Citizens Waterworks Company of Town of Highlands.

BRIGHT, District Judge.

The Citizens Waterworks Company and Village of Highland Falls apply for leave to intervene in this condemnation proceeding brought to condemn certain lands in the Town of Highlands, Orange County, New York, for the use of the West Point Military Reservation.

The Act of Congress by which this proceeding is authorized was approved March 3, 1931, 46 Stat. 1491. It authorized the Secretary of War to acquire by purchase, condemnation or otherwise, some 15,135 acres more or less in the vicinity of the United States Military Academy. "Provided, That nothing herein contained shall adversely affect the existing water supply, its sources, or pipe lines of the town of Highlands, New York".

The lands now sought to be acquired are part of the water shed from which the water supply mentioned is obtained. The Waterworks Company and the Village do not own any part of the lands sought to be acquired. The Waterworks Company does own adjoining lands and is the only corporation owning any waterworks in the Town of Highlands, and the only one furnishing water for domestic and other uses in that Town. It is, in other words, "the existing water supply", and it also owns the pipe lines which convey that supply to its various consumers, among which is the Village.

It is not the province of this court now to determine whether the acquisition by the United States of the lands described in the petition in this proceeding will "adversely affect" such water supply and its sources, nor what effect that particular proviso has in this matter. The only question now before the court is whether or not the two applicants should be permitted to intervene to litigate those questions. Inasmuch as the United States statutes provide no procedure in condemnation proceedings, it is settled that resort must be had to the procedure of the state in which the condemnation proceeding is pending. This application is, therefore, controlled by Section 193, subdiv. 3, of the New York Civil Practice Act, which, insofar as material, provides that: "Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The "interest in the subject" of this proceeding claimed by the Waterworks Company is that the proviso quoted from the enabling Act prohibits the Government from condemning the lands described in the petition or part thereof; that it owns ponds in the immediate vicinity in which are impounded the water supply in question, as well as a portion of the brook leading from the ponds through which are conducted the waters thereof to pipe lines, which brook in part flows over the lands sought to be condemned; that there are various springs, rivulets and other sources of water upon the condemned lands, which, if taken, would "adversely affect" the water supply by diminution or contamination. It opposes any condemnation at all.

The Village claims that its interest is of a different character. It does not oppose the condemnation. It claims certain rights by reason of a letter written to it on February 28, 1931 by the then Secretary of War. Prior to the passage of the enabling Act in question, a hearing was held before the Committee on Military Affairs of the House of Representatives, at which the Village was represented and during which it opposed the then contemplated Bill because of the possible destruction of the Village water supply and for other reasons. The enabling Act, as then proposed, did not contain the proviso quoted. The Secretary of War, after commenting on the opposition of the Village, wrote that immediately after July 1, 1932, the War Department "will, insofar as it has legal authority, take all necessary steps to acquire the land upon which the water supply and system of the Village of Highland Falls is located, including the purchase, at a price mutually agreeable, of the interest therein which said village now owns in the watershed from which this supply is obtained. When the watershed is acquired, the War Department will guarantee to said Village of Highland Falls the right to the use of the water up to the capacity of the said

Village of Highland Fall's present watershed without charge." "This statement is made to you for the purpose of obtaining your consent to the bill now pending and will not be binding on either party if said bill fails to be passed by the present Congress." The Bill with the proviso mentioned was passed. See United States v. Certain Lands in the Town of Highlands, D.C., 30 F.Supp. 816-819.

"Interest in the subject" matter of the action has been defined as a direct interest in the cause of action pleaded and which would put the intervenor in a legal position to litigate a fact alleged in the complaint without the establishment of which plaintiff could not recover. Brooklyn Cooperage Co. v. A. Sherman Lumber Co., 220 N.Y. 642, 115 N.E. 715. The Waterworks Company claims that the quoted proviso confers just such an interest upon it, that condemnation is here sought of lands which form a part of its water shed, in which it has an interest not only because it is a source of water but also to prevent contamination. I think these claims present a case where intervention should be permitted in order to enable the Waterworks Company to litigate the question of the right of the Government to condemn, and its motion is, therefore, granted. Chapman v. Forbes, 123 N.Y. 532-538, 26 N.E. 3; Mandel v. Guardian Holding Co., 192 App.Div. 390-393, 182 N.Y.S. 686; Lyons v. Wylde, 216 App.Div. 116, 214 N.Y.S. 660; Champlain & S. R. Co. v. Ostrander, 151 App.Div. 752, 136 N.Y.S. 1012.

The Village does not own or operate any water system. It has no title to property which is sought to be condemned in this proceeding. It does not oppose condemnation provided it can get free water in accordance with the letter of the former Secretary of War. If the contention of the Waterworks Company is upheld, the Village's water will not be effected. The Village, of course, has an interest in whether or not there shall be a supply and whether or not it will be contaminated or otherwise adversely affected. There is dictum in Morrell v. Brooklyn Borough Gas Co., 231 N.Y. 405-408, 132 N.E. 130, which might support the application. In that case, plaintiff sought to enjoin the defendant from collecting for gas the rate fixed by the Public Service Commission. The City sought to intervene and its application was denied. It was held that the interest referred to in the section is a property interest or some duty or right devolving upon or belonging to the party to be brought in; that because a particular rule of law may affect a large number of citizens did not give the City such an interest as would permit it to intervene. The court did say that questions might arise which would so affect the welfare or rights of all the inhabitants of the City to justify the court in permitting the municipality to be made a party, but it was held that that was not such a case. In People v. Fisher, 209 N.Y. 392, 103 N.E. 734, an action was brought to determine title to real property which the state there attempted to appropriate as part of the forest preserve. Before the appropriation, Fisher, the owner, had made a contract with a paper company to allow it to cut certain timber, and the latter employed the one seeking to intervene to do the work. He asserted because his work was stopped that he had an interest in the subject of the action; he did not claim to have any interest in the property; he alleged that the appropriation was valid and wished to intervene to assist the state to establish its title. Because he did not claim any title to the real property, which was the subject of the action, or interest in the question to be decided, he was not allowed to intervene. While it is true that the Village has an interest in whether or not its water supply shall be maintained in quantity and quality, which question certainly affects the welfare of its inhabitants, it is obvious that its admission among the parties would only enable it to assist the Waterworks Company in its contest as to the right to condemn. This desire or interest has been held in People v. Fisher, supra, an insufficient reason for the granting of its application, which is hereby denied. Radford Iron Co. v. Appalachian Electric Power Co., 4 cir., 62 F.2d 940-942.

Counsel for the Government has offered to consent that the judgment of condemnation contain a provision "excepting and excluding such right, title and interest, if any, as The Citizens Waterworks Company of the Town of Highlands had in and to the lands described in the petition as of March 3, 1931." While it seems to me that this would solve the problem, counsel for the Waterworks Company contends

306

otherwise. I have this day signed an order amending the petition so as to include the exception quoted in this paragraph.

The Waterworks Company may have ten days after the service of a copy of an order to be entered hereon in which to file and serve its answer. Settle order on notice.

