John H. Pennock, J.
This is a motion by Delta D & I Corp. to intervene as a party defendant in this action on the grounds that the action involves the title to property and the corporation movant may be affected adversely by the judgment. It claims intervention as a matter of right authorized by CPLR 1012 (subd. [a], par. 3).
The plaintiff’s complaint pleads two causes of action, the first is based upon breach of contract and prays for a judgment of specific performance. The second cause of action is for money damages allegedly sustained by the plaintiff based upon the breach of contract. The complaint alleges a right to purchase 10 acres of real property located in the County of Albany. It claims this right was established by a provision of a written lease granting an option to purchase to the plaintiff. The intervenor corporation claims it purchased the same property from the defendant as part of a larger tract of 137 acres. A lis pendens was recorded prior to the purchase by the movant corporation.
The plaintiff opposes the intervention on the basis, as set forth in a letter brief of the counsel, that plaintiff has made substantial investment in the premises as lessee for many years, that the intervenor has voluntarily placed itself in the position of having its title adversely affected, that there is no claim of an obligation by intervenor to purchase the property, and that *308 the intervenor seeks to contrayene the express declaration of public policy of the courts to discourage assignments of causes of actions and in defense of such actions defendant, Olendorf, the party with whom the plaintiff contracted will be a mere bystander if the motion is granted.
It would appear that movant intervenor has a perfect right to intervene as provided by CPLE 1012. The intervenor’s interest in the property commenced on September 11, 1967 when it accepted a deed to the acreage which included the 10 acres in question. There is no claim by the intervenor that it was obligated by any purchase contract predating the filing of lis pendens or predating the commencement of the action by the plaintiff. A fair interpretation from the pleadings and the supporting affidavits leads the court to the conclusion that the intervenor entered the controversy intentionally with full knowledge of the pending suit. Likewise the plaintiff was aware of the intervenor’s potential interest as its verified complaint alleges that the intervenor was about to become a party interested in the property. “ fifth : That heretofore and on or about the 2nd day of June, 1967, plaintiff received written notification from the defendant that the real property described herein was being offered for sale by the defendant to Joseph N. Futia and that the appraised value of said lands was the sum of Seventy-five thousand ($75,000.00) Dollars.”
The sole question then is whether or not the intervenor has to have vested interest at the time the primary suit is commenced.
The intervenor relies upon the rule of the Mandel case. (Mandel v. Guardian Holding Co., 192 App. Div. 390.) That was a suit by the holder of an option for the purchase of real estate, to compel the specific performance of the option contract and intervention was allowed to a subsequent holder of a contract to purchase such property subject-to the prior existing option. This Mandel case is somewhat similar to the case at bar as it indicates that the intervenor voluntarily interjected himself in the relationship of the parties and the primary option was the prevailing condition upon which the second option depended. Here we have the same situation as the intervenor obviously realized the conveyance to it was conditioned upon the effectiveness, if any, of the option granted to the plaintiff. Further, it would seem that intervention in the instant case is proper, otherwise the commencement of a suit on a contract involving realty would delegate property to limbo pending the final determination.
*309 The question purported must be answered in the affirmative. The plaintiff’s contentions have no merit. The question of investment of plaintiff is an issue for the trial. The intervenor’s voluntary interjection is not controlling, as it apparently made a judgment that the option is without legal effect. As to lack of any obligation on the part of intervenor prior to purchase, such obligation would merge in the delivery of the deed and is not a necessary ingredient for intervention as it is the issue of title to the property that gives the intervenor the right under CPLR 1012. The plaintiff’s point in respect to the policy of the courts is not well taken. The present policy of the courts is to limit litigation, not to protract it, nor to frustrate actions, and this resort to the intervenor rule illustrates how readily the procedural devices of the CPLR can be adjusted to make them subserve, rather than frustrate the substantive rights involved. In fact this subdivision is similar to the prior rule of the Civil Practice Act. Further, the intervenor, present alleged owner of the property, has now subjected itself to the jurisdiction and final judgment, and the plaintiff if successful shall have an effective judgment.
Accordingly intervention is allowed.