GERALD MORRELL, Respondent, v. BROOKLYN BOROUGH
        GAS COMPANY, Appellant.   (No. 2.)

Parties — municipal corporations — right to intervene —
when city has not interest entitling it to intervene in action
to enjoin gas company from collecting for gas at rate fixed
by public service commission.

1. The interest referred to in section 452 of the Code of Civil
Procedure providing that where a person, not a party to the action,
has an interest in the subject thereof the court "must direct him to
be brought in by proper amendment," is a property interest or some
duty or right devolving upon or belonging to the party to be brought in.
Chapter 247 of the Laws of 1913, known as the "Home Rule Law,"
creates no such interest as is meant by this section.

2. Where in an action to enjoin a gas company from collecting for
gas a rate fixed by the public service commission, the rate involved
does not affect the city as a consumer, touches no rate established by
the city, and no power has been vested in the city to control or interfere
with gas charges, the city has no interest entitling it to intervene.
(*Matter of Quinby* v. *P. S. Comn.*, 223 N. Y. 244; *Matter of International
Ry. Co.* v. *Rann*, 224 N. Y. 83, distinguished; *Consolidated Gas Co.* v.
*Newton*, 256 Fed. Rep. 238; 260 Fed. Rep. 1022; 253 U. S. 219, followed.)

*Morrell* v. *Brooklyn Borough Gas Co.*, 195 App. Div. 899, reversed.

(Argued June 3, 1921; decided July 14, 1921.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered January 7, 1921, which affirmed an
order of Special Term granting a motion by the city of
New York for leave to intervene as a party plaintiff.

The following questions were certified:

"1. Had the city of New York any interest in this
cause of action?

"2. Is the city of New York a proper party so that
the court at Special Term had power to grant its appli-
cation to be joined as a party plaintiff herein?"

*Edward M. Bassett* and *Wilson W. Thompson* for
appellant. Certified question No. 1 should be answered

in the negative. (*B. B. Gas Co. v. P. S. Comm.*, 17 State Dept. Rep. 81; *Matter of International Ry. Co. v. Rann*, 224 N. Y. 83.) Certified question No. 2 should be answered in the negative. (*City of New York v. Bryan*, 196 N. Y. 158; *Trustees of Southampton v. Jessup*, 162 N. Y. 122; *City of New York v. N. Y. Rys. Co.*, 217 N. Y. 310; *Matter of International Ry. Co. v. Rann*, 224 N. Y. 83; Dillon on Mun. Corp. [5th ed.] § 1325; *People v. Ingersoll*, 58 N. Y. 1; *City of Georgetown v. Alexandria Canal Co.*, 12 Pet. 91; *Northern Pacific R. R. Co. v. Whalen*, 149 U. S. 157; *Town of Guilford v. Supervisors of Chenango Co.*, 13 N. Y. 143; *People v. Albany & Susquehanna R. R. Co.*, 57 N. Y. 161; *People v. Lowe*, 117 N. Y. 175; *City of Yonkers v. Federal S. R. Co.*, 136 App. Div. 701; 207 N. Y. 724; *Board of Education v. Board of Education*, 76 App. Div. 355; 179 N. Y. 556; *Union Free School District v. Village of Glen Park*, 109 App. Div. 414.)

*William L. Ransom, Robert E. Coulson* and *Colley E. Williams* for Empire State Gas and Electric Association, *amicus curiæ.* The city of New York has no legal interest in the subject-matter of this action, and no standing to participate as plaintiff in the maintenance of this suit in equity. (*Halstead v. Mayor, etc.*, 5 Barb. 218; 3 N. Y. 530; *People v. Ingersoll*, 58 N. Y. 1; *People v. Albany & S. R. R. Co.*, 57 N. Y. 161; *City of Mt. Vernon v. New York Interurban Water Co.*, 115 App. Div. 658; *City of Yonkers v. Federal S. R. Co.*, 136 App. Div. 701; *County of Albany v. Hooker*, 204 N. Y. 1; *Powers v. Bergen*, 6 N. Y. 358; *Matter of O'Donnell*, 221 N. Y. 203; *Georgetown v. Alexandria Coal Co.*, 12 Pet. 91; *City of New York v. Brooklyn Edison Company*, N. Y. L. J., May 10, 1921.)

*John P: O'Brien, Corporation Counsel* (*Judson Hyatt* and *James A. Donnelly* of counsel), for respondent. The

city of New York has an interest in the subject of this action. (*Capital City G. L. Co.* v. *Des Moines*, 72 Fed. Rep. 829; *Reagan* v. *Farmers Loan & Trust Company*, 154 U. S. 362; *Covington & L. T. R. Co.* v. *Sanford*, 164 U. S. 596; *San Diego Land & Town Co.* v. *National City*, 174 U. S. 739; Dillon on Mun. Corp. [5th ed.] § 39; *Ghee* v. *N. U. Gas Co.*, 158 N. Y. 510; *Matter of Quinby*, 223 N. Y. 244; *People* v. *O'Brien*, 111 N. Y. 1; *Milhau* v. *Sharp*, 27 N. Y. 611; *Story* v. *N. Y. El. Ry. Co.*, 90 N. Y. 122; *Kane* v. *N. Y. El. Ry. Co.*, 125 N. Y. 165; *Knickerbocker Ice Co.* v. *F. S. S. Ry. Co.*, 176 N. Y. 408.) The court at Special Term had the power to permit the city of New York to intervene as a party plaintiff in the case at bar. (*Kelly* v. *Boettcher*, 85 Fed. Rep. 55; *Sioux City Terminal Ry. Co.* v. *Trust Co.*, 49 U. S. App. 528; 82 Fed. Rep. 124; *Wood* v. *Draper*, 24 Barb. 187; *Shepard* v. *Manhattan Ry. Co.*, 117 N. Y. 442; *Turner* v. *Conant*, 18 Abb. N. C. 160; *Sherman* v. *Parish*, 53 N. Y. 483; *Caldwell* v. *Taggart*, 4 Pet. 202; *Bohnet* v. *Mayor, etc., of New York*, 150 N. Y. 279; *Mooney* v. *N. Y. Elev. R. R. Co.*, 163 N. Y. 242; *Bauer* v. *Dewey*, 166 N. Y. 402, 424; *Jamaica G. L. Co.* v. *Nixon*, 110 Misc. Rep. 494.)

CRANE, J. The nature of this action is stated in *Morrell* v. *Brooklyn Borough Gas Company, No. 1.* The plaintiff, as a resident of the thirty-first ward of the borough of Brooklyn, New York city, seeks to enjoin the defendant from collecting for gas the rate fixed by the public service commission. No contract with the city of New York is involved; it is solely a question of the price which a private consumer must pay. Under section 452 of the Code of Civil Procedure the city of New York has been permitted to intervene as a party plaintiff. That section provides that where a person, not a party to the action, has an interest in the subject thereof the court must direct him to be brought in on his

application.. The interest, referred to, is a property interest or some duty or right devolving upon or belonging to the party to be brought in.

Here the city of New York has no such interest in the cost of plaintiff's gas. The defendant's franchise comes from the state. The legislature has either fixed the rate to be charged consumers or else has left the matter to the public service commission. The city of New York is given no power over rates. It is a state matter, part of the police power which the state has continually exercised. It would be different if the decision of this case involved or affected a contract with the city to furnish gas to it or any of its departments.

We cannot see how the rights, property or duties of the city are in any way involved. A particular rule of law may affect a large number of citizens and yet give the city no such interest as permits it to intervene. Questions might arise which so affected the welfare or rights of all the inhabitants of the city as to justify the court in permitting the municipality being made a party to the proceeding, but this is not such a case. *Matter of Quinby* v. *Public Service Commission* (223 N. Y. 244) and *Matter of International Ry. Co.* v. *Rann* (224 N. Y. 83, 89) are not in point as the questions touched upon the municipality's right to fix permanent rates in franchises. But here the rate involved does not affect the city as a consumer, touches no rate established by the city, and no power has been vested in the city to control or interfere with gas charges. Consequently the city has no interest entitling it to intervene. The same conclusion has been reached by the United States court in *Consolidated Gas Co.* v. *Newton* (256 Fed. Rep. 238; affirmed, 260 Fed. Rep. 1022; remanded for dismissal, 253 U. S. 219).

Chapter 247 of the Laws of 1913, known as the " Home Rule Law," creates no such interest as is meant by section 452 of the Code of Civil Procedure. The words

of the chapter are general enough for municipal purposes but not sufficiently specific to empower the regulation of gas rates.

The order appealed from must be reversed, with costs in all courts, and motion for leave to intervene denied, with ten dollars costs, and the questions certified answered in the negative.

HISCOCK, Ch. J., HOGAN, CARDOZO and ANDREWS, JJ., concur; POUND, J., absent; CHASE, J., deceased.

Order reversed, etc.