442

STATE EX REL. REYNOLDS, Plaintiff, vs. CITY OF APPLETON and others, Defendants.

*November 10—December 4, 1928.*

For the plaintiff there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

For the defendants there was a brief by *Keller, Keller & O'Leary* of Appleton, and oral argument by *L. Hugo Keller.*

CROWNHART, J. The jurisdiction of this court to issue the writ is objected to on the ground that the subject matter is not *publici juris,* and that the petition does not state facts of such state-wide, public concern that would warrant the exercise of the original jurisdiction of this court.

The railroad commission is a public agency, created by the legislature to effectuate the public policy of the state. Within its jurisdiction it has power to issue orders which have the effect of public law. To challenge an order of the railroad commission, lawfully made, is to challenge the authority of the state itself, and it therefore becomes a matter of state-wide concern and *publici juris.* The circuit court undoubtedly has power to issue a writ of *mandamus* in such a case, but the remedy would be inadequate as applied to the orders of the railroad commission owing to the necessary delay occasioned thereby. We think there should be no doubt that the alternative writ of *mandamus* was properly issued.

The orders of the railroad commission of April 5, 1926, and December 3, 1927, were duly entered pursuant to sec. 195.19 of the Statutes, and it does not appear from the returns to the writ that there is any contest as to their validity, when issued. The statutes, sec. 195.32, provide for a review of such orders of the commission by an action in the circuit court begun within ninety days of the date of the order. The defendants here did not seek any review, and the ninety days have long since gone by; hence the orders stand as conclusive upon the defendants, and the writ prayed for might properly issue without further consideration.

However, when the orders were entered the Wisconsin-Michigan Power Company was a party to the proceedings, it having an interurban railroad crossing Wisconsin avenue parallel with the Chicago & Northwestern Railway Com-

pany's tracks, as to which it was required to separate the grades. Since that time the railroad commission, by order, permitted the Wisconsin-Michigan Power Company to discontinue its service on the interurban line, and released that company from the railroad commission's orders for the separation of grades. The defendants contend that the result of this action is to increase the cost to the city of Appleton for the separation of grades on Wisconsin avenue, and that such cost is now excessive and such as to greatly embarrass the city of Appleton under its present financial condition. They further contend that the city was satisfied with the orders of the railroad commission at the time they were made, and did not appeal therefrom because they were so satisfied, but that conditions as stated have changed the situation since the time for appealing from such orders has expired. The defendants therefore set up these facts in their return as a defense to this proceeding. Manifestly, this court cannot reverse the valid orders of the railroad commission on any such showing. If, after the change in situation, as stated, the city of Appleton or the public authorities were dissatisfied with the orders of the commission, they were at liberty to petition to the railroad commission to change the orders or set them aside, upon a showing that under the changed conditions they were unreasonable or improvident. This they did not do, but rather sought to defy the orders of the commission and refused to obey the same. In this they were wrong; but in view of the fact that there may be an open question as to whether or not the railroad commission would have issued the orders which it did, if the Wisconsin-Michigan Power Company had not been a party thereto and sharing in the expense, or whether or not the city of Appleton would have petitioned therefor and consented thereto, we think it only just to issue at this time an alternative writ giving the city the right, if it chooses to exercise it, to petition to the railroad commission for such relief from such orders as it may

desire. Accordingly, the writ will issue commanding the defendants to proceed, within ninety days from the service of the writ, with the separation of grades, as required by the railroad commission, unless it shall ·in the meantime petition the railroad commission for a modification or setting aside of said orders. Either party to this proceeding may, after the time expires for complying with the writ, apply to this court for such modification of the writ as justice may demand.

*By the Court.*—Let the writ issue accordingly.