HOTEL PFISTER, INC., Appellant, vs. WISCONSIN TELE-
PHONE COMPANY, Respondent.

*November 11—December 9, 1930.*

22

For the appellant there were briefs by *Fish, Marshutz & Hoffman*, attorneys, and *I. A. Fish* of counsel, all of Milwaukee, and oral argument by *Mr. Fish*.

For the respondent there was a brief by *Miller, Mack & Fairchild*, and oral argument by *Edwin S. Mack* and *J. F. Krizek*, all of Milwaukee.

FOWLER, J. Sec. 196.01 (1) and (4), Stats., classifies telephone companies among public utilities and provides that the broadest and most inclusive sense shall be given to the term "service." Sec. 196.02 (1) and (2) vests the railroad commission with power to regulate and supervise public utilities and to fix rates for service according to classifications made by the commission and to require public utilities to conform thereto. The jurisdiction and powers conferred by the latter section "are broad, comprehensive, and all-inclusive." *Commonwealth Tel. Co. v. Carley*, 192 Wis. 464, 213 N. W. 469.

"The railroad commission is a public agency, created by the legislature to effectuate the public policy of the state. Within its jurisdiction it has power to issue orders which

have the effect of public law. To challenge an order of the railroad commission, lawfully made, is to challenge the authority of the state itself, and it therefore becomes a matter of state-wide concern and *publici juris.*" *State ex rel. Reynolds v. Appleton,* 197 Wis. 442, 444, 222 N. W. 244.

We are of opinion that the statute, under its terms and the construction given by the cases cited, authorizes the commission to fix the five-cent rate for the use of public phones, and also authorizes the commission, pursuant to its power to regulate and supervise, to require disconnection with a hotel or other keeper of a public phone unless the hotel or other keeper shall conform to the rates lawfully fixed by the commission.

The plaintiff contends that the defendant has no right to disconnect its system from the hotel because the hotel is not a public utility and the railroad commission is therefore without power to regulate the charge for the service the hotel renders to its guests over its private system. It is quite true, of course, that the hotel is not a public utility. But even so it may, like any other corporation or private person, be the agent of the company in aiding it to perform its service to the public. The recital in the contract that the payments by the company to the hotel are "as commission" bears out this idea of the relations between the parties. The commission only concerns itself with the public telephone service performed by the hotel, as distinguished from the service to its guests performed through its private system. There is no attempt to regulate the charge the hotel may make to its guests for the intra-hotel service it performs for them. It may charge and collect for this service by adding to its room charge to guests or by making a charge for every call from one room to another within the hotel. That is its own affair, with which neither the telephone company nor the railroad commission has right or power to interfere.

Counsel suggests that its ten-cent charge for calls outside is no more than a mere room charge, and as legitimate and as much within its right to make as a flat charge against every room of twenty-five or fifty cents a day added to the charge for each room to cover the private telephone service would be; but there is a wide and marked difference between the two methods of covering the cost of the service rendered by the private system. The ten-cent charge limited to outside calls affects only such guests as make use of the company's system maintained for the use of the public. Such charge is a charge for public service. We cannot better state our view than it is stated in the opinion of the railroad commission in the cases referred to, where it is said that the hotel system, in rendering the service in connection with outside calls, . . . "is but an extension of the telephone company's system as far as the former is used to furnish telephone service to the public in connection with the latter. In such connection the stations in the rooms of the hotels are as much pay-stations as those located in the company's booths in the hotel lobbies." 5 Wis. R. R. Comm. Rep. p. 690. If plaintiff's position be correct, as further said in the opinion of the commission above referred to, the company's . . . "responsibility to the public terminates at the private switchboard of the subscriber, and the latter may exact of the public such charges as he may choose for the joint service that he and the telephone company render. This would enable citizens to establish public pay-stations at which charges could be exacted which it would be unlawful for the telephone company to exact. Although in such event the service rendered would be a joint service, the most important part of which would be performed by the facilities of the telephone company, the company would nevertheless be absolved from all responsibility for the charges made to the public therefor, because it would receive no greater part of

the charge than the amount it receives for a similar service at any of its public pay-stations." 5 Wis. R. R. Comm. Rep., *supra*. The company cannot . . . "perform a service indirectly for the public, or any part thereof, which will result in the public being obliged to pay more for such service than could be demanded if the company performed it directly and entirely by means of its own facilities. If such practice were permitted, it would open the door to discrimination, and thereby afford a means of evading one of the most important provisions of the statute and render it impotent to accomplish the purpose of its enactment." 5 Wis. R. R. Comm. Rep., *supra*.

The commissions or boards of other states that have considered the precise or similar matters have uniformly held as held by our own commission. *Connoley v. Burleson*, N. Y. P. U. R. 1930 C, 243; *In re Hotel Marian Co*. Ark. Corp. Comm. P. U. R. 1920 D, 466; *Re Hotel Tel. Ser. & Rates*, Mass. P. S. Comm. P. U. R. 1919 A, 190; *In re Hotel Sherman Co. v. Chicago Tel. Co*. Ill. P. U. C. 1915 F, 776. No court decision upon a similar matter has been called to our attention.

The above, we believe, sufficiently covers the points raised by the appellant.

*By the Court.*—The judgment is affirmed.