LOUIS ZISES, Doing Business under the Style and Trade Name of LECTROLIER STORE, Appellant, v. GOLDRING CONST. Co., INC., Defendant, and EMRIT HOLDING CORPORATION, Respondent.— Order and judgment reversed upon the law, with ten dollars costs and disbursements, and motion to dismiss complaint and vacate warrant of seizure denied, with ten dollars costs, with leave to respondent to answer within ten days from service of a copy of the order herein. A conditional sales vendor has no lien on the property involved. By section 78 of the Personal Property Law (Laws of 1922, chap. 642) a right of redemption after default is

created for the benefit of the conditional sales vendee. That right of redemption may be foreclosed as in the case of a chattel mortgage, as to which the right to redeem is established out of equitable principles. Furthermore, the Legislature has created a lien for the benefit of the conditional vendor, which may be foreclosed under the provisions of the Municipal Court Code, section 70.■ Such a right having been created, the Supreme Court, endowed with general jurisdiction in law and in equity (N. Y. Const. art. VI, § 1), has jurisdiction in an action in which such a lien is litigated. (*People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *De Hart* v. *Hatch*, 3 Hun, 375.) Since such a lien exists, the Supreme Court has jurisdiction to entertain an action to foreclose the same, not only because of its equity powers but under section 206 of the Lien Law, and under section 207 of the Lien Law a warrant of seizure may be granted. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.