UNITED BAKING COMPANY, INC., Respondent, *v.* BAKERY AND CONFECTIONERY WORKERS' UNION, LOCAL 221, Appellant.*

NEW YORK STATE LABOR RELATIONS BOARD, Applicant-Intervenor, Appellant.

Third Department, July 11, 1939.

* Affg. 170 Misc. 199.

502

*Ralph T. Seward* [*Henry Epstein, Solicitor-General,* of counsel; *Ralph T. Seward, Harold Dublirer* and *Eugene Cotton* with him on the brief], for the intervenor-appellant, New York State Labor Relations Board, attempted intervenor.

*William D. Smith* [*Henry Levine* of counsel], for the defendant-appellant.

*Naylon, Maynard, Smith & Peters* [*Emil Peters* of counsel], for the respondent.

CRAPSER, J. The plaintiff, will be hereinafter referred to as " Company," the defendant will be the " Union " and the intervenor-appellant as the " Board."

In the months of October and November, 1937, plaintiff Company and certain of its employees were having difficulties and on

November fifth the Company discharged several employees. Such discharges were made, so the Company asserted, for gross incompetency and insubordination.

On January 4, 1938, the Board issued a complaint charging this Company with unfair labor practices set forth in section 704 of the Labor Law. The Company filed its answer denying the issues. Thereafter on January 25, 1938, at the offices of the Board, in the city of Albany, an agreement and stipulation was prepared and signed which settled the pending controversy.

The agreement provided the Union would withdraw its charges, pending proceedings were terminated and the Union relinquished its rights vested by virtue of chapter 443 of the Laws of 1937. In return the Company re-employed all the discharged men until the issue of certification of a collective bargaining agency had been determined by the Board.

This agreement was negotiated after many conferences attended by all the parties under the supervision of the Board of Mediation, Department of Labor, State of New York.

In return the Company, in lieu of payment to individuals, in restitution for back wages, agreed to pay the Union $1,925 and the Union agreed to make an equitable distribution of this sum and certify to the Board of Mediation the distribution of the same.

The stipulation and agreement was drawn and signed by the Company and the Union on the same day, and on a later day it was signed by the Independent Grocery and Bread Workers' Union and provided for the determination of who was qualified as sole bargaining agency for the employees.

Thereafter, on April 28, 1938, the Company received a certificate of the Board certifying the Independent Grocery and Bread Workers' Union as sole bargaining representative of all the employees of the Company, as provided by section 705 of the New York State Labor Relations Act.

The defendant did not appeal or attempt to review the question decided by the Board and no action was brought to set aside the agreement or stipulation and defendant has not returned, or offered to return, any part of the $1,925.

The Company, acting on the authority of the agreement, stipulation and certificate of the Board, that the Independent Grocery and Bread Workers' Union was the sole bargaining agency for its employees, on May 5, 1938, entered into a closed shop agreement with it as the sole bargaining agency for all employees and that they would employ only members of the Union in good standing. The terms of the agreement provided it would continue in full force

and effect to and through November 30, 1938, at which time a new agreement was entered into, with same provisions, expiring on November 30, 1939.

In 1938, due to lack of work, as the Company claims, they laid off a great many men who belonged to the Union. Under a closed shop agreement with the Union the Board issued a second complaint against the Company dated January 12, 1939. This complaint charged the Company with violation of section 704 of article 20 of the Labor Law, which was added by chapter 443 of the Laws of 1937 and is known as the New York State Labor Relations Act. Among the charges were the intimidation, restraint and coercing of employees since July 1, 1937, and until January 25, 1938, charging that the certified union was a Company union and that the agreement had been entered into in bad faith.

On the 24th of January, 1939, the Company commenced an action against the Board to restrain it from hearing testimony regarding unfair labor practices prior to January 25, 1938, on the ground that such an act would interfere with the contract rights of the Company under that agreement and further that the Board be estopped by reason of the certification of the Union and reliance of the Company upon it. The motion for temporary injunction was denied and cross-motion for dismissal of the complaint granted.

On January 25, 1939, the Company commenced its present action for an injunction against the Union to prevent it from violating the terms of the agreement of January 25, 1938, and stipulation attached thereto.

Subsequently the application was made for a temporary injunction. The Union made cross-motions to dismiss the complaint and the Board applied for permission to intervene and made motions, by way of cross-motions, to dismiss the complaint.

The first issue involves the sufficiency of the complaint as to whether or not it states a cause of action against the Bakery and Confectionery Workers' Union, Local 221, and whether or not it states facts sufficient to justify exercise of the discretion of the court in granting the temporary injunction.

The second issue is, as to whether or not the intervenor-appellant, New York State Labor Relations Board, is entitled to intervene in an action predicated upon a contract between two other parties.

The purpose of the New York State Labor Relations Act is to prevent strikes, lock-outs and other forms of industrial strife and unrest. Section 700 of the act contains the Legislature's statement of the findings and policies which led to its adoption.

The action for injunctive relief addressed to the equity powers of the Supreme Court is predicated upon the violation of contract

rights between the plaintiff Company and defendant Union arising out of the contract and stipulation instituted by vote January 25, 1938. The stipulation and agreement were signed by the Company and Union and the Independent Grocery and Bread Workers' Union. The relief demanded by plaintiff is based upon rights which flow entirely and solely from the contract itself and this controversy is solely between plaintiff and defendant.

The Board contends the Union is only nominally a defendant; that the Board itself is a real party in interest.

Subdivision 3 of section 193 of the Civil Practice Act provides: " Where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the Court to be made a party, it must direct him to be brought in by the proper amendment."

The interest referred to in said section is a property interest or some duty or right devolving upon or belonging to the party brought in. (*Morrell* v. *Brooklyn Borough Gas Co.*, 231 N. Y. 405, 408.)

The Board claims its duties arise under subdivision 1 of section 706 of the Labor Law and that it is brought within paragraph 3 of section 193 of the Civil Practice Act by reason of said section of the Labor Law.

The present action is one for enforcement of contract rights.

The Legislature did not, by the passage of chapter 443 of the Laws of 1937, make the Supreme Court of the State subservient to the New York State Labor Relations Act. The Board was not given any power, by chapter 443 of the Laws of 1937, to interpret, enforce or abrogate any contract made by any two parties, particularly where it is not a party to the contract.

The Supreme Court is a court of general jurisdiction and its powers are provided by the Constitution and cannot be taken away by any act of the Legislature or by creation of any board the Legislature has the power to create.

It is not necessary for the Board to interfere in the pending suit; the court has full power to determine questions involved in the present suit and make an adjudication of questions between the original parties and make determination without the Board as a party because the matter sought to be enforced here is a contract duly entered into between plaintiff and defendant Union. The plaintiff seeks to prevent the Union from violating that contract. The contract in question was made with the knowledge and consent of the Board and in their office and as far as appears it was fully

agreed to by the plaintiff and defendant. The Union now intends to violate that contract by making charges against the Company which it had withdrawn in accordance with the terms of that contract by consent of the Labor Relations Board. This it ought not to be permitted to do.

The action can be tried out between the parties, the Company and the Union, and if the Company is successful the Union and its members will be enjoined from giving evidence which occurred previous to the date of the contract. If the Union is successful then no injunction will be granted and the Labor Relations Board will be enabled to do everything the law intended them to do. They can then try the entire issue whether it occurred before or after the settlement.

The affairs of the Labor Relations Board are not in any way interfered with. They are free to proceed on the second complaint but the temporary injunction will properly prevent the defendant from giving any evidence of unfair practices previous to the making of the contract which adjusted their differences.

In the first action, where the injunction was denied, the complaint was dismissed, plaintiff sought to obtain an injunction against the Labor Relations Board from hearing the complaint. This it cannot do. (*Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Nevins, Inc.*, v. *Kasmach*, 279 N. Y. 323.)

In the present action the defendant has a right to set up its defense of fraud in execution of the contract; such defense can be heard and fully determined by the Supreme Court, whereas if plaintiff did not take this means of protecting its contract right it would find itself faced with the provision contained in subdivision 2 of section 707 of the Labor Relations Law, " the findings of the Board as to the facts, if supported by evidence, shall be conclusive."

It would have no right to a review of the findings of the Board.

A decision made by the Supreme Court on contract rights can be fully reviewed by the courts upon the question of law and fact.

The Board does not ask to be substituted as defendant in place of the present defendant and does not claim that the present defendant is an improper party. The purpose for which the Board seeks to intervene is to make a motion or motions to dismiss the complaint. The dismissal of the complaint as to the Board would be all that it could ask for, so nothing would be gained by permitting the Board to intervene. This is pointed out by Justice LAWRENCE in his opinion in the court below. The Board is not a real party in interest under the provisions of section 193 of the Civil Practice Act.

The Board cannot make a motion or motions to dismiss the complaint until it has been permitted to intervene.

The complaint which is based upon the contract which plaintiff alleges it has fully performed, on its part, states that defendant is threatening to breach its part of the contract and that plaintiff will suffer irreparable damage if the defendant is permitted to breach its part of the contract.

The plaintiff has vested rights in this contract and cannot be deprived of these rights by the authority conferred upon the New York State Labor Relations Board by chapter 443 of the Laws of 1937.

Plaintiff has filed an answer to the second complaint against it for unfair labor practices. The act of filing an answer is not a waiver of its rights to demand a proper adjudication, by the Supreme Court, in the first instance, of its rights under this contract dated January 25, 1938. Filing an answer to the complaint made by an administrative board cannot be a waiver of one's rights of the jurisdiction of the Supreme Court.

There is no question of election of remedies involved.

The defendant and Board are not the same.

Irreparable injury to the plaintiff would occur not only because of the expense it would be put to in defending itself, but there would be publicity and hearings on the charges which would injure plaintiff's business.

Filing of the charges and presentation of the evidence would be in contravention to the contract of January 25, 1938, and plaintiff is entitled to an injunction restraining violation of the contract.

" The Supreme Court is continued with general jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is or hereafter may be prescribed by law not inconsistent with this article." (State Const. art. VI, § 1.)

" The Legislature cannot limit or abridge the general jurisdiction of the Supreme Court as conferred by the Constitution." (*Matter of Stilwell*, 139 N. Y. 337; *Matter of Brock*, 245 App. Div. 5.)

To hold that exclusive jurisdiction in the New York State Board of Labor Relations was created by chapter 443 of the Laws of 1937 would nullify the powers of the Supreme Court, prevent full protection of the parties to the contract entered into and would be against public policy.

The complaint is sufficient under common law or under provisions of section 876-a of the Civil Practice Act.

The orders appealed from should be affirmed, with costs.

HILL, P. J., and HEFFERNAN, J., concur; HILL, P. J., in a further memorandum, in which CRAPSER and HEFFERNAN, JJ., concur; BLISS, J., concurs in the affirmance of the order so far as it denies

the New York State Labor Relations Board leave to intervene in this action but dissents as to the affirmance of the restraining order upon the ground that it is too broad in that it restrains the defendant from giving evidence before the New York State Labor Relations Board of unfair labor practices occurring before January 25, 1938. Such evidence may be material on the consideration of charges of unfair labor practices occurring after the certification of the collective bargaining agency. The defendant should not have been restrained in this respect.

HILL, P. J. (concurring). The parties have entered into a legal contract. Defendant-appellant seeks to abrogate its terms through action by the New York State Labor Relations Board. The respondent brings this suit to prevent the defendant-appellant from seeking a remedy in that forum, and from giving evidence concerning transactions which had been adjusted and compromised to January 25, 1938, at which time the contract in writing was entered into, and a substantial sum of money as a consideration paid to defendant-appellant. It is asserted by the appellant that plaintiff was guilty of fraud and deceit in connection with the execution of the contract.

My attention is not called to the portion of the New York State Labor Relations Act (Laws of 1937, chapter 443) which purports to grant the Labor Board equity powers in connection with the reformation of a contract made under its supervision. Had such a grant been attempted by the Legislature, it would have been of doubtful legality under the Constitution of the State, as the Supreme Court has general jurisdiction. When litigable issues arise concerning a contract, if made the subject of a suit, under the express terms of the Constitution, the jurisdiction of the Supreme Court attaches at once. Any statute to the contrary would be ineffective. (*People ex rel. Swift* v. *Luce*, 204 N. Y. 478, 488; *Alexander* v. *Bennett*, 60 id. 204; *DeHart* v. *Hatch*, 3 Hun, 375; *Zises* v. *Goldring Const. Co., Inc.*, 231 App. Div. 852; *Decker* v. *Canzoneri*, 256 id. 68, 71.) The temporary injunction was properly granted. The complaint stated a cause of action, and the denial of the motions for its dismissal should be affirmed.

The New York State Labor Relations Board, intervenor-appellant, is not a party to the contract, or a necessary or proper party in this suit. The order denying its application to intervene should be affirmed.

CRAPSER and HEFFERNAN, JJ., concur.

Orders affirmed, with costs.