THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK (State Division, Department of Public Service), Petitioner, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Special Term, Albany County, July 11, 1940.

*Gay H. Brown* [*Laurence J. Olmstead, John T. Ryan* and *Sherman C. Ward* of counsel], for the petitioner.

*Charles T. Russell* [*Edward L. Blackman, Ralph W. Brown* and *Edward F. Snydstrup* of counsel], for the New York Telephone Company.

*Campbell & Boland* [*Charles J. Campbell* of counsel], for the New York State Hotel Association, *amicus curiæ.*

BERGAN, J. The Public Service Commission has made an order fixing rates that hotels may charge their guests for local and long distance telephone service, and directing the New York Telephone Company to file tariff schedules which conform with the order. The tariff schedules as directed to be filed constitute the hotels the agents of the telephone company in rendering such telephone service to their guests. The tariff schedules have been filed. The telephone company has not reviewed the order of the Commission.

Certain hotels have refused to conform with the tariff schedules. The Commission has instituted this proceeding in pursuance of

section 103 of the Public Service Law, for the summary relief against the telephone company therein provided. The petition seeks an order in the nature of mandamus requiring the telephone company to suspend the telephone service of the non-complying hotels and an injunction restraining the company from furnishing service to such hotels. Both forms of relief are available to the Commission under section 103 of the Public Service Law.

The telephone company moves to bring into the proceeding as parties the hotels that have refused to conform with the tariff schedules on the ground their rights are affected by the proceeding and that they are the true parties in interest. The petitioner resists this motion and in turn moves for the relief sought in the petition.

The reasonableness of the tariffs filed by the defendant is a question within the jurisdiction of the petitioner. It cannot be attacked as a defense to this proceeding either by the defendant, or, if they were parties to the proceeding, by the hotels which are the subscribers of the defendant. (*Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.*, 237 U. S. 121, 131; *Matter of Leitner* v. *New York Telephone Co.*, 277 N. Y. 180, 189; *Metzger* v. *New York State Railways*, 168 App. Div. 187; *Murray* v. *New York Telephone Co.*, 170 id. 17, 25.)

Accordingly the arguments addressed to the reasonableness of the tariffs by the New York State Hotel Association as *amicus curiæ* are arguments that must be made to the petitioner in the pending proceeding or directly in such other application to the petitioner as the hotels may be advised.

But whether the petitioner has jurisdiction to regulate the rate to be charged by a hotel to its guests for telephone service and whether it has jurisdiction to direct the defendant to constitute the hotel its agent in furnishing and charging for telephone service and by the acceptance of the service to require the hotel to accept the status of agent for the utility, are questions which are judicial in nature and not wholly legislative and regulatory. Upon those questions the parties directly to be affected should have opportunity to be heard by a court in advance of the enforcement of the tariffs.

The hotels undoubtedly could review the power of the petitioner to make its order in any proceeding before the Commission in which they were parties. The difficulty is, however, that they are confronted with immediate enforcement of the tariffs without opportunity for judicial adjudication as to them of the power of the Commission to make its order.

Therefore, since the order here sought would invoke the power of judicial compulsion against the defendant and would in turn affect

the rights of the hotels in the transaction of their business, the hotels have a sufficient interest in the subject-matter to be heard in this proceeding. Their interest in the subject-matter is not general or academic. It is specific and direct. The determination affects their business and involves the important question of the extent to which petitioner may make an order regulating an aspect of that business. Therefore, authorities such as *Consolidated Gas Co.* v. *Newton* (256 Fed. 238) and *Morrell* v. *Brooklyn Borough Gas Co., No. 2* (231 N. Y. 405) do not apply. In the *Morrell* case it was pointed out (p. 408) that the intervenor had no " rights, property or duties " involved, and that the rate did not affect the intervenor as a consumer.

If the question of law remains open for judicial determination whether the rates or rules promulgated by a utility are applied or executed in an unreasonable, discriminatory or prejudicial manner (*Matter of Leitner* v. *New York Telephone Co., supra*), it would follow that the question of law involving jurisdiction to make a rule or tariff remains open for judicial determination and that the question may be raised in resistance to enforcement in a proceeding in the nature of mandamus. Questions of this kind were not presented in *Matter of Public Service Commission* v. *New York Central R. R. Co.* (249 App. Div. 869), in *Matter of Public Service Commission* v. *Long Island R. R. Co.* (Id. 895) or in *Purcell* v. *New York Central R. R.* (268 N. Y. 164).

It may very well be that upon the merits the conclusion reached in Wisconsin in *Hotel Pfister* v. *Wisconsin Telephone Co.* (203 Wis. 20; 233 N. W. 617) will be reached here. It is reasonable to suppose that the jurisdiction of the petitioner extends to the regulation of rates for telephone service furnished by a public utility by whatever agency such service is rendered, and in addition to require that some relationship of agency by a subscriber in turn furnishing service to others be imposed in the execution of that part of the service which is essentially public in character.

But this is quite a different thing from saying that one affected by such a regulation may not be heard by the court to assert a contrary view of the law. The controversy thus considered is not the reasonableness of the exercise of the rate-making function; it is the power to exercise the function in respect of the service given by hotels to their patrons.

The court is required by the statute (Public Service Law, § 103) to determine the appropriate relief to be granted. In some circumstances it may be withheld. (*Matter of Public Service Com.* v. *I. R. T. Co.*, 219 N. Y. 355.) The statute itself expressly authorizes the court to join such other parties as it " shall deem necessary or

proper " to make the order or judgment effective. But aside from this, the power to add such parties as may be affected by the result of either an order in the nature of mandamus or a judgment of injunction is inherent. In a proceeding under a similar statute where legal defenses were raised it was said in *Public Service Commission* v. *Richmond Light & Railroad Co.* (108 Misc. 724, 729): " The writ [of mandamus] should not issue where it is apparent that parties not before the court may have rights affected by its issuance upon which they are entitled to a hearing." This was affirmed by the Appellate Division (188 App. Div. 970) on the opinion of Judge KELLY at Special Term. (See, also, *People ex rel. Hasbrouck* v. *Supervisors*, 135 N. Y. 522, 528; *Matter of Hilton Bridge Constr. Co.* 13 App. Div. 24; *Matter of Cooper* v. *Paris*, 73 Misc. 244, 255; 2 Fiero Particular Actions and Proceedings [4th ed.], 1956; 6 Wait's Practice [4th ed], 619.) The adjudication in any event would not be binding on the hotels in their absence from the proceeding. (*People ex rel. Andrews* v. *McGuire*, 126 N. Y. 419, 422.) Further litigation until the question is settled seems inevitable.

As this controversy over the boundaries of the petitioner's jurisdiction must eventually be adjudicated between the petitioner and the hotels, it may well be done in this proceeding for coercive action in which the hotels have a direct interest as distinguished from the more or less nominal interest of defendant. Defendant, quite understandably, seeks to have the controversy adjudicated between the real parties to it rather than itself to carry on litigation with its subscribers which may be protracted and expensive.

I conclude that sufficient has been shown to establish a debatable legal question in respect of petitioner's power to make the tariff and a substantial interest in the absent parties in the adjudication of that question. Defendant's motion to add the enumerated parties granted. While this may seem to add to petitioner's burden of enforcement of its tariffs, a binding adjudication as to even one of such parties ought to put the controversy at rest and settle the question of law as to the others.

Motion by petitioner addressed to the answer of the defendant and for the summary relief sought denied without prejudice to its renewal upon the joinder of issue by the added parties or by such of them as against which petitioner elects to proceed.

No costs. Submit order.

Papers and memoranda used in the proceeding may be obtained at this office.